## PEOPLE v. TEASDALE.

1. CRIMINAL LAW—COSTS—STATUTES—CONDITION OF PROBATION—REIMBURSEMENT OF PUBLIC.

The statutory condition of probation which the trial court is authorized to impose to reimburse the public for expenditures reasonably and properly made in connection with a particular prosecution is not by way of punishment, as probation implies a withholding of punishment rather than prescribing it (CL 1948, § 771.3).

2. SAME—STATUTES—CONDITION OF PROBATION—SUMMARY FIXING OF COSTS.

Costs imposed as condition of probation under the code of criminal procedure may be summarily fixed at amount sufficient to reimburse county for all expenses incurred in connection with the "apprehension, examination, trial and probationary oversight of the probationer" (CL 1948, § 771.3).

3. SAME—PROBATION—STATUTES.

The provisions of an order of probation are not valid unless in accordance with the statute from which the authority of the court is derived (CL 1948, § 771.3).

4. SAME—PROBATION—COSTS OF GOVERNMENT.

Expenditures in connection with the maintenance and functioning of governmental agencies that must be borne by the public irrespective of specific violations of the law may not be included as costs which are required to be paid as a condition of probation (CL 1948, § 771.3).

5. SAME—PROBATION—CONDITION—EXCESSIVE COSTS.

Requirement that 14 of the defendants, appellants in a prosecution for conspiracy to violate statutes to suppress gambling and for maintaining a gaming room, pay $45,500 in

---

* Continued from Volume 334.

REFERENCES FOR POINTS IN HEADNOTES

[1–7] Generally as to parole or probation, see 39 Am Jur, Pardon, Reprieve, and Amnesty § 81 *et seq.*; 15 Am Jur, Criminal Law § 498.

costs in amounts varying from $1,000 to $7,500 as a condition of probation *held*, clearly excessive under record failing to show what matters were considered by the trial court in reaching amount each appellant should pay but which inferentially included such items as a portion of the payroll of the police department, rental value for 1 year of premises occupied by the vice squad in police headquarters, cost of operating a courtroom in the case, portion of salary of assistant prosecuting attorney in charge of the case, $1,000 as part of cost of a grand-jury investigation in an adjoining county and a portion of the costs of other municipal departments including the common council and the mayor's office (CL 1948, § 771.3).

6. SAME—PROBATION—DISPARITY IN APPORTIONMENT OF COSTS BETWEEN DEFENDANTS.

Apportionment of costs as condition of probation of defendants in prosecution for conspiracy to violate statutes for suppression of gambling and maintaining a gaming room "as their responsibility in the conspiracy appeared to the court at the time of sentence" as an improper theory of costs, there being no basis disclosed by the record for the disparity between the probationary orders which ranged from $1,000 to $7,500 among the appellants, since the basis was punishment rather than of reimbursement to the public (CL 1948, § 771.3).

7. SAME—ORDERS OF PROBATION—EXCESSIVE AND IMPROPERLY APPORTIONED COSTS.

Appellants, 14 of the defendants in prosecution for conspiracy to violate statutes to suppress gambling and for maintaining a gaming room, *held,* entitled to have orders of probation amended and corrected, where requirement of payment by appellants of total amount of $45,500 in costs as condition of probation was excessive and not authorized and there was no basis disclosed for apportioning the amount between the appellants in sums ranging from $1,000 to $7,500 (CL 1948, § 771.3).

Appeal from Recorder's Court for the City of Detroit; Stein (Christopher E.), J. Submitted September 16, 1952. (Docket No. 79, Calendar No. 44,339.) Decided October 6, 1952.

Mary Teasdale and 13 others appeal from part of probationary order relating to costs. Reversed and remanded.

*Joseph W. Louisell,* for appellants.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, *Ralph Garber,* Chief Assistant Prosecuting Attorney, and *Garfield Nichols* and *George W. Miller,* Assistant Prosecuting Attorneys, for the people.

CARR, J. The defendants in this case were prosecuted in the recorder's court of the city of Detroit under an information charging them with criminal conspiracy to violate statutes of the State enacted for the suppression of gambling. To such charge 12 of the defendants pleaded guilty and their pleas were accepted. By amendment a count was added to the information, charging the offense of maintaining a gaming room in violation of CL 1948, § 750.303 (Stat Ann § 28.535). The remaining defendants were convicted on their pleas of guilty to the added count. In each instance an order of probation was made, setting forth the conditions prescribed by the statute,* and further requiring that each probationer pay a specific amount by way of costs within a period of 30 days. Two of said probationary orders fixed the amount to be paid under each at the sum of $7,500. The condition imposed on 3 defendants required the payment of $5,000 each within the time prescribed, and the other orders specified amounts ranging from $1,000 to $2,500.

Claiming that the costs fixed by the orders were excessive, unauthorized by statute, and determined without reference to the actual expenses of the pros-

---

* CL 1948, § 771.1 *et seq.* (Stat Ann § 28.1131 *et seq.*).

ecution in connection with said case, defendants moved the trial court to correct and modify the orders. The motion was denied. Thereafter defendants applied to this Court for leave to appeal from the order denying the motion. Following the granting of the application the prosecuting attorney moved that the cause be remanded to the trial court for the purpose of making "an official record of the complexity of the matter involved and to establish the costs involved in the apprehension, examination, trial and probationary oversight of the defendants" for assigned reasons. The motion was granted and thereafter a hearing was had before the trial judge. No testimony was received, however, the proceeding consisting of a colloquy between the judge and the assistant prosecutor in charge of the case, together with objections from counsel representing defendants. At its conclusion the judge indicated that the orders as originally made would not be altered by him.

No question is raised as to the validity of the orders of probation aside from the conditions therein with reference to the payment of costs. The provision under which the court acted is found in CL 1948, § 771.3 (Stat Ann § 28.1133) and reads as follows:

"The court may impose such other lawful conditions of probation, including restitution in whole or in part to the person or persons injured or defrauded, as the circumstances of the case may require or warrant, or as in its judgment may be meet and proper; and in case it requires the probationer to pay any costs it shall not be confined to or governed by the laws or rules governing the taxation of costs in ordinary criminal procedure, but may summarily tax and determine such costs without regard to the items ordinarily included in taxing costs in criminal cases and may include therein all such expenses, direct and indirect, as the public has been or may be put to in

connection with the apprehension, examination, trial and probationary oversight of the probationer."

The primary question at issue in the case is the interpretation of the above provision. It is evident that the legislature had in mind granting to the court discretionary authority to require a probationer, as a condition of the order of probation, to reimburse the public for expenditures reasonably and properly made in connection with the case. Such a condition is not by way of punishment. Obviously the order of probation is in the final analysis based on the conclusion of the court that the public interest does not require the imposition of the penalty provided by law. Probation implies a withholding of punishment rather than prescribing it. That the language quoted was intended to provide for reimbursement to the public was recognized by this Court in *People* v. *Robinson,* 253 Mich 507, 511, where it was said:

"In the new criminal code, PA 1927, No 175, chap 11, § 3 (CL 1929, § 17373),[*] it is provided that if the court, in fixing the conditions of probation, requires the probationer to pay costs, they may be summarily fixed at an amount sufficient to reimburse the county for all expenses incurred in connection with the 'apprehension, examination, trial and probationary oversight of the probationer.'"

A like view was accepted in *State* v. *Morehart,* 149 Minn 432 (183 NW 960), in construing a statute relating to costs in criminal cases. It was there said:

"The evident purpose of the statute is not the punishment of the offender, but the reimbursement of the State."

Such a construction is in accord with the provision of the statute relating to restitution by a probationer, to one who has been injured by his conduct, as a con-

---

[*] CL 1948, § 771.3—REPORTER.

dition of an order of probation. The theory of the statute clearly is that if the law violator is not punished he properly may be required, as evidence of good faith on his part, to compensate one who has sustained a pecuniary loss because of the unlawful act, and likewise to reimburse the public for expenditures thereby occasioned.

The provisions of an order of probation are not valid unless in accordance with the statute from which the authority of the court is derived. *People* v. *Good*, 287 Mich 110, 117. In the instant case the trial judge was empowered to require the payment of costs by each appellant, as a condition of the order of probation, in such an amount as would reimburse the public for expenses, direct and indirect, incurred in the apprehension, examination, trial and probationary oversight of such probationer. The language of the statute necessarily implies that the expenses in question must have been incurred in connection with the particular case in which the order of probation is made, and, hence, excludes expenditures in connection with the maintenance and functioning of governmental agencies that must be borne by the public irrespective of specific violations of the law.

In the case at bar the aggregate of the costs fixed by the probationary orders is $45,500. On this record such amount appears to be clearly excessive. As noted the defendants all pleaded guilty, obviating the necessity of a trial. There is nothing in the record before us indicating the matters that were considered by the trial court in reaching his conclusion as to the amount of costs that each appellant should pay. In this connection the colloquy between the court and the assistant prosecutor at the hearing, referred to above, is somewhat significant. In expressing his views as to the items that might properly be included in the aggregate of the costs to be charged against the appellants, the assistant prosecutor sug-

gested that there might properly be allocated thereto a portion of the payroll of the police department, the rental value for 1 year of premises occupied by the vice squad in police headquarters, the cost of operation of a courtroom used in the case, a portion of the salary of the assistant prosecuting attorney in charge of the case, and the further sum of $1,000 as a part of the cost of a grand-jury investigation in Macomb county. On what theory the inclusion of the last item referred to is based does not appear. We think that such amount, as well as the other items mentioned, may not properly be regarded as a part of the expense to which the public has been put in connection with "the apprehension, examination, trial and probationary oversight" of the appellants in this case. In any event the record before us does not support or justify such conclusion.

Whether the action previously taken by the trial judge, to which he adhered following the hearing in question, was based on an interpretation of the statute analogous to the views of the assistant prosecutor does not affirmatively appear. It is a matter of inference from the record that such was the case. It is significant, however, that with the inclusions referred to the assistant prosecutor reached a total approximately $9,000 less than the aggregate of the costs as specified in the probationary orders. To make up such deficiency the suggestion was advanced at the hearing that a portion of the costs of other municipal departments, including the common council and the mayor's office, might properly be allocated to the expenses of the case. We are not in accord with the suggestion that the controlling statute authorizes such allocations.

We find in the record no basis for the disparity between the probationary orders. As noted, 2 of the appellants were required to pay as a condition of probation the sum of $7,500 each. The amounts in

the other orders ranged from $1,000 to $5,000. So far as this case is concerned, there is nothing to indicate that the expenses to the public in connection with the apprehension, examination, trial and probationary oversight of any one of the appellants was greater than those incurred in connection with any other defendant. To charge against some of the defendants more than their fair share of the costs of the case, to the benefit of other defendants, is not authorized by the statute, nor is it in accord with sound principles of public policy. *State* v. *Morehart, supra.* The people's brief suggests that the trial court attempted to apportion the costs among the defendants "as their responsibility in the conspiracy appeared to the court at the time of sentence." If such surmise is correct, the conclusion follows that costs were fixed on the theory of punishment rather than of reimbursement to the public. As above indicated, such theory is not tenable.

On this record it is clearly indicated that the aggregate of the costs charged against the defendants in the probationary orders was excessive and not authorized by the statute, and that there was no basis for the apportionment among the defendants in the manner indicated by such orders. The trial court was in error in denying the motion to correct and amend. Appellants ask that this Court either assess the costs or remand the cause for a correct assessment by the trial court, calling attention to the procedure followed in *People* v. *Wallace,* 245 Mich 310, and *People* v. *Hope,* 297 Mich 115.

We think that appellants are entitled to the relief sought, and an order will accordingly enter remanding the case to the trial court for further consideration of the motion to amend and correct the orders of probation, and for the determination of the amount that each probationer may properly be required to pay as a condition of the order affecting

him, in accordance with the purpose and intent of the statute.

ADAMS, C. J., and DETHMERS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.