PEOPLE v DILWORTH

Docket No. 294785. Submitted January 12, 2011, at Lansing. Decided
    January 25, 2011, at 9:05 a.m.

An Oakland Circuit Court jury convicted Jimmy Dilworth of third-
    degree fleeing and eluding, MCL 257.602a(3)(a), and of driving
    while his license was suspended (DWLS), MCL 257.904(1). The
    court, Leo Bowman, J., sentenced defendant as a fourth-offense
    habitual offender to concurrent terms of three years' probation
    and 365 days' imprisonment, with credit for 22 days served, for the
    fleeing-and-eluding conviction and 365 days' imprisonment, with
    credit for 22 days served, for the DWLS conviction. The court
    ordered defendant to pay $1,235 for the costs of his prosecution as
    a term of his probation. Defendant appealed, arguing that the
    court did not have the authority to order him to pay the costs of his
    prosecution.

    The Court of Appeals *held*:

    A trial court must have statutory authority to order a criminal
    defendant to pay costs associated with his or her trial. When
    authorized, those costs must bear a reasonable relation to the
    expenses actually incurred in the prosecution. The costs may not
    include expenditures made for the maintenance and functioning of
    governmental agencies that are to be borne by the public irrespec-
    tive of specific violations of the law. Because the record in his case
    did not contain the justification for the $1,235 assessment, the
    Court of Appeals could not determine whether all of the prosecu-
    tion's costs were allowable. Accordingly, remanding the case was
    necessary for the trial court to make a record of what the costs of
    prosecution were, determine whether ordering defendant to pay
    them was permissible, and, as appropriate, impose or deny them.

    Order vacated and case remanded.

CRIMINAL LAW — COSTS OF PROSECUTION — ASSESSMENT AS A PROBATION TERM.

    A trial court must have statutory authority to order a criminal
    defendant to pay costs associated with his or her trial; when
    authorized, those costs must bear a reasonable relation to the
    expenses actually incurred in the prosecution, and the costs may
    not include expenditures made for the maintenance and function-

ing of governmental agencies that are to be borne by the public irrespective of specific violations of the law; the justification for the costs must be made part of the trial court record to allow an appellate court to determine whether the costs were allowable.

*Bill Schuette*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Jessica R. Cooper*, Prosecuting Attorney, *John S. Pallas*, Chief, Appellate Division, and *Marilyn J. Day*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Christopher M. Smith*) for defendant.

Before: METER, P.J., and M. J. KELLY and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. Defendant appeals by right his jury convictions of third-degree fleeing and eluding, MCL 257.602a(3)(a), and driving while his license was suspended, MCL 257.904(1). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent terms of three years' probation and 365 days' imprisonment, with credit for 22 days served, for the fleeing-and-eluding conviction and 365 days' imprisonment with credit for 22 days served, for the conviction of driving while his license was suspended. In addition to other costs and fees assessed, the trial court ordered defendant to pay $1,235 for the costs of the prosecution as a term of his probation. On appeal, defendant argues that the trial court did not have the authority to order him to pay $1,235 in prosecution costs. We vacate the order and remand.

The trial court must have statutory authority to order a criminal defendant to pay costs associated with the trial. *People v Lloyd*, 284 Mich App 703, 707; 774 NW2d 347 (2009). Neither of the statutes that defen-

dant was convicted of violating provides any such authority, but the Legislature has the "authority to enact a general cost provision . . . ." *Id.* at 709 n 3. We review de novo questions of statutory interpretation, such as whether a statute authorizes the imposition of costs. *People v Martin*, 271 Mich App 280, 286-287; 721 NW2d 815 (2006), aff'd 482 Mich 851 (2008).

There are several statutes under which trial courts *may* impose costs. MCL 771.3 authorizes a trial court to order a defendant to pay costs as a condition of probation; specifically, it authorizes the assessment of costs *"incurred in prosecuting the defendant* or providing legal assistance to the defendant and supervision of the probationer." (Emphasis added.) See *People v Brown*, 279 Mich App 116, 138-139; 755 NW2d 664 (2008). Under MCL 769.1k(1)(b)(*iii*), a trial court may order the defendant to pay "[t]he expenses of providing legal assistance to the defendant." And under MCL 769.34(6), a trial court may order costs as part of the sentence. Because the Legislature has set forth specific circumstances under which trial courts may impose costs, a trial court *generally* has the discretionary authority to order a criminal defendant to pay the costs of prosecution.

When authorized, the costs of prosecution imposed "must bear some reasonable relation to the expenses actually incurred in the prosecution." *People v Wallace*, 245 Mich 310, 314; 222 NW 698 (1929). Furthermore, those costs may *not* include "expenditures in connection with the maintenance and functioning of governmental agencies that must be borne by the public irrespective of specific violations of the law." *People v Teasdale*, 335 Mich 1, 6; 55 NW2d 149 (1952).

In this case, the prosecutor offered to provide the trial court with details of the expenses that were

claimed to justify the $1,235 in costs, but that information was never placed into the record. Furthermore, it appears from the transcript of the proceedings that defendant may not have been afforded the opportunity to challenge those costs. We have no way to know the extent to which the costs were imposed on the basis of appropriate charges, such as expert witness fees, *Brown*, 279 Mich App at 139, or impermissible charges, such as the assistant prosecutor's wages, which were set by a board of supervisors pursuant to a statute and independent of any particular defendant's case, see MCL 49.34. The costs imposed are likely all allowable, but as a court of record without the benefit of an adequate record, we cannot so determine.

We therefore vacate the trial court's order imposing the costs of prosecution, and we remand this matter to the trial court to make a record of what the costs were, determine whether ordering defendant to pay them is permissible, and, if appropriate, impose or deny them. We do not retain jurisdiction.