PEOPLE v SANDERS

Docket No. 303051. Submitted May 1, 2012, at Grand Rapids. Decided May 29, 2012, at 9:15 a.m.

Robert S. Sanders pleaded guilty in the Berrien Circuit Court, Angela M. Pasula, J., of delivery of less than 50 grams of heroin, second offense. He was sentenced to 23 months to 40 years in prison, a $100 fine, $1,000 in court costs, a $60 victim's rights fee, and $68 in state costs. He appealed the imposition, pursuant to MCL 769.1k(1)(b)(*ii*), of $1,000 in court costs, contending that the court was required to calculate the actual court costs of each case rather than utilize a general cost figure in felony cases.

The Court of Appeals *held*:

The court costs imposed under MCL 769.1k(1)(b)(*ii*) need not be calculated for each individual case, however, there must be a reasonable relationship between the costs imposed and the actual costs incurred by the trial court. A reasonable relationship is not the same as an exact relationship. The court may consider its overhead costs in determining the costs figure. The trial court's decision to impose court costs is affirmed. However, because the trial court did not adequately explain the basis for its use of the $1,000 figure, the case is remanded to the trial court for it to conduct a hearing to establish the factual basis for its use of the $1,000 figure as the reasonable costs figure for felony cases in the Berrien Circuit Court or to alter that figure as the established factual basis may necessitate. Defendant must be afforded the opportunity to challenge that determination.

Affirmed in part and remanded.

COSTS — COURT COSTS — CALCULATION OF COURT COSTS — FELONY CASES.

Court costs imposed under MCL 769.1k(1)(b)(*ii*) need not be calculated separately in each individual case but there must be a reasonable relationship between the costs imposed and the actual costs incurred by a trial court; a trial court may consider its overhead costs in determining the court costs; a court may establish a reasonable costs figure applicable to all felony cases in the court but must provide an adequate basis to support that figure.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Arthur J. Cotter*, Prosecuting Attorney, and *Elizabeth A. Wild*, Assistant Prosecuting Attorney, for the people.

*John W. Ujlaky* for defendant.

Before: WHITBECK, P.J., and SAWYER and HOEKSTRA, JJ.

SAWYER, J. We are presented in this case with the question whether a trial court must engage in an exact calculation of the amount of court costs incurred before imposing those costs under the provisions of MCL 769.1k(1)(b)(*ii*). We hold that no such precise calculation is required and that a trial court may impose a reasonable amount of costs under the statute without needing to show the exact amount of costs incurred in a particular case.

Defendant pleaded guilty of delivery of less than 50 grams of heroin, second offense.[1] He was sentenced to 23 months to 40 years in prison, a $100 fine, $1,000 in court costs, a $60 victim's rights fee, and $68 in state costs.

Defendant's sole issue on appeal is a challenge to the imposition of $1,000 in court costs. While defendant concedes that the trial court had the statutory authority to impose such costs, he argues that the trial court abused its discretion by doing so because there was no factual basis for the amount of costs ordered. We affirm in part and remand in part.

Defendant challenged the amount of costs imposed in a motion to correct his sentence. The trial court denied the motion, concluding that "MCL 769.1k places no restrictions on the Court at sentencing for the imposi-

---

[1] MCL 333.7401(2)(a)(*iv*) and MCL 333.7413(2).

tion of costs." The trial court also stated that the "statute does not require the Court to delineate or otherwise show a factual basis for the costs imposed." Nonetheless, the trial court further stated that defendant's "costs of $1,000 were reasonable and not an abuse of the Court's discretion given the number of felony cases that the Court adjudicates on a yearly basis, the Court's limited budget, and the standard costs of processing and adjudicating a case." In other words, the trial court essentially found that $1,000 in costs was a reasonable amount to impose in a felony case, though it may not be directly related to this particular case.

The trial court is correct that MCL 769.1k(1)(b)(*ii*) authorizes the imposition of costs without any explicit limitation:

> (b) The court may impose any or all of the following:
>
> *    *    *
>
> (*ii*) Any cost in addition to the minimum state cost set forth in subdivision (a).

Where statutory language is clear, it is to be enforced as written.[2] And the term "[a]ny cost" is clear.

Defendant does not challenge the trial court's authority to impose costs under this provision, but argues that the trial court had to provide a more precise basis for the costs imposed. That is, the trial court appears to have established a general costs figure that it utilizes in felony cases, while defendant takes the position that the trial court must calculate a more precise figure for each individual case. We disagree with defendant's argument that the costs must be calculated for each individual

---

[2] *People v Lloyd*, 284 Mich App 703, 707; 774 NW2d 347 (2009).

case, though we do agree that the trial court must provide a more concrete basis for the general costs figure utilized.

Defendant primarily relies on two cases, *People v Wein*[3] and *People v Dilworth*[4]. Defendant's reliance on both cases is misplaced. *Wein* provides little guidance in the case at bar. First, it was decided almost 40 years before the enactment of the statute at issue in the case at bar. Second, it provides a limited discussion of the costs issue, merely stating that the trial court's "imposition of payment of costs sets forth no basis for its computation nor does the record disclose an adequate basis therefor."[5] This hardly establishes that the trial court in the case at bar was obligated to give a more detailed explanation of the costs imposed under a statute adopted almost four decades later.[6]

*Dilworth* is only slightly more on point. *Dilworth,* however, considered a number of statutes related to the ordering of the payment of the costs of a prosecution.[7] It did not consider the specific statutory provision at issue here. Defendant places particular emphasis on the following passage from *Dilworth*:[8]

> When authorized, the costs of prosecution imposed "must bear some reasonable relation to the expenses actually incurred in the prosecution." *People v Wallace*, 245 Mich 310, 314; 222 NW 698 (1929). Furthermore, those costs may *not* include "expenditures in connection with the maintenance and functioning of governmental agencies

---

[3] *People v Wein*, 382 Mich 588; 171 NW2d 439 (1969).

[4] *People v Dilworth*, 291 Mich App 399; 804 NW2d 788 (2011).

[5] *Wein*, 382 Mich at 592.

[6] See *Lloyd*, 284 Mich App at 709 n 2.

[7] *Dilworth*, 291 Mich App at 400-401.

[8] *Id.* at 401.

that must be borne by the public irrespective of specific violations of the law." *People v Teasdale*, 335 Mich 1, 6; 55 NW2d 149 (1952).

But this passage illustrates the distinction between *Dilworth* and the case at bar. *Dilworth* considered imposing the costs of the prosecution and not court costs under the statutory provision at issue here. And the cases relied on by *Dilworth* not only did not consider the statutory provision at issue here, but predate that statute by decades.

Because the statute at issue here involves the imposition of costs, we agree with *Dilworth* and the earlier cases that there must be a reasonable relationship between the costs imposed and the actual costs incurred by the trial court. But a reasonable relationship is not the same as an exact relationship. Nor does the statute preclude the consideration of the court's "overhead costs" in determining the costs figure. That is, the prohibition in *Teasdale* against costs that include "expenditures in connection with the maintenance and functioning of governmental agencies that must be borne by the public"[9] is inapplicable to the imposition of court costs under the statute involved in the case at bar.

Furthermore, we would note that the Legislature itself takes a "flat fee" approach to costs. The "state costs" required under MCL 769.1j(1)(a) if the defendant is convicted of a felony is a minimum of $68, without regard to a finding that those actual costs were incurred in a particular case. Furthermore, while the provision in MCL 769.1k(1)(b)(*ii*) authorizing the imposition of "[a]ny cost" is broadly worded, other provisions are more specific, such as MCL 769.1k(1)(b)(*iii*), which authorizes the court to impose the "expenses of provid-

---

[9] *Teasdale*, 335 Mich at 6.

ing legal assistance to the defendant." In other words, had the Legislature wanted to require a precise determination of costs, it could have certainly required it in the statute. The Legislature seems to have endorsed a "reasonable flat fee" approach that does not require precision. We also note that, although the amount of the costs ordered was not the focus of the decision in *Lloyd*, the trial court in *Lloyd* had ordered $600 in costs. Thus, it would seem that other trial courts may have adopted a "flat fee" approach to costs as well.

For these reasons, we conclude that a trial court may impose a generally reasonable amount of court costs under MCL 769.1k(1)(b)(*ii*) without the necessity of separately calculating the costs involved in the particular case, and we affirm the trial court's decision to do so in this case. But we are not persuaded that the trial court adequately explained the basis for its use of the $1,000 figure. While the assessment of $1,000 in court costs is not obviously unreasonable, as a $1 million assessment would be, neither is it inherently reasonable on its face without further justification. In other words, a remand in this case is necessary in order to facilitate meaningful appellate review of the reasonableness of the costs assessed defendant.

Accordingly, while we conclude that the costs imposed in this case were authorized by statute, we remand this matter to the trial court to conduct a hearing to establish the factual basis for the use of the $1,000 figure, or to alter that figure as the established factual basis may necessitate. While defendant is to be afforded the opportunity to challenge the reasonableness of the costs figure, we reiterate that the costs figure does not need to be particularized in each individual case, and it is not the purpose of this hearing on remand to do so in this case. Rather, the purpose of this

hearing is to factually establish the reasonable costs figure for felony cases in the Berrien Circuit Court, while affording defendant the opportunity to challenge that determination.

Affirmed in part and remanded in part for further proceedings consistent with this opinion. We retain jurisdiction.

WHITBECK, P.J., and HOEKSTRA, J., concurred with SAWYER, J.