PEOPLE v SANDERS (AFTER REMAND)

Docket No. 303051. Submitted August 28, 2012, at Lansing. Decided October 2, 2012, at 9:10 a.m.

Robert S. Sanders pleaded guilty in the Berrien Circuit Court, Angela M. Pasula, J., of delivery of less than 50 grams of heroin, second offense. He was sentenced to 23 months to 40 years in prison, a $100 fine, $1,000 in court costs, a $60 victim's rights fee, and $68 in state costs. He appealed the imposition, pursuant to MCL 769.1k(1)(b)(*ii*), of the $1,000 in court costs, arguing that the court had failed to establish a factual basis for the amount of costs imposed. The Court of Appeals, WHITBECK, P.J., and SAWYER and HOEKSTRA, JJ., concluded that the imposition of costs was authorized by the statute and affirmed that part of the trial court's judgment. The Court of Appeals also concluded that the trial court could impose a generally reasonable amount of court costs and that the costs need not be individually calculated to reflect the costs involved in a particular case. However, the Court of Appeals determined that the trial court had not established an adequate basis to use the $1,000 figure and, while retaining jurisdiction, remanded the matter to the trial court for it to establish the reasonableness of the amount imposed. 296 Mich App 710 (2012). On remand, the trial court considered the evidence submitted and determined that the average cost of handling a felony case in the circuit court was, conservatively, $2,237.55 and that cases could cost as much as $4,846 each. Because the most conservative estimate exceeded by far the $1,000 amount imposed, the trial court held that there was a reasonable relationship between the costs imposed and the actual costs incurred by the trial court.

After remand, the Court of Appeals *held*:

A trial court, whether the case is resolved quickly by a plea or at the conclusion of a lengthy trial, may impose costs without the necessity of separately calculating the costs involved in the particular case. The trial court, on remand, complied with the directives of the Court of Appeals and did establish a sufficient factual basis to conclude that $1,000 in court costs under MCL 769.1k(1)(b)(*ii*) is a reasonable amount in a felony case in the Berrien Circuit Court.

Affirmed.

*Bill Schuette,* Attorney General, *John J. Bursch,* Solicitor General, *Arthur J. Cotter,* Prosecuting Attorney, and *Elizabeth A. Wild,* Assistant Prosecuting Attorney, for the people.

*John W. Ujlaky* for defendant.

AFTER REMAND

Before: WHITBECK, P.J., and SAWYER and HOEKSTRA, JJ.

SAWYER, J. This matter is again before us following a remand to the trial court to determine the factual basis for the amount of court costs imposed. As part of defendant's sentence, the trial court ordered the payment of $1,000 in court costs. Defendant's sole issue on appeal was a challenge to those costs, arguing that the trial court had failed to establish a factual basis for the amount of costs imposed. We affirmed the trial court's authority to impose court costs, concluding that the trial court could impose a generally reasonable amount of court costs and that those costs need not be individually calculated to reflect the costs involved in a particular case.[1] We were not, however, persuaded that the trial court had established an adequate basis to use the $1,000 figure.[2] We remanded the matter to the trial court to establish the reasonableness of the amount imposed. We emphasized that the amount of costs was not to be particularized in an individual case, but the court was to "factually establish the reasonable costs figure for felony cases in the Berrien Circuit Court, while affording defendant the opportunity to challenge that determination."[3]

---

[1] *People v Sanders,* 296 Mich App 710, 715; 825 NW2d 87 (2012).

[2] *Id.*

[3] *Id.* at 716.

On remand, the trial court conducted the hearing as directed and received evidence of the cost of processing a felony case in the Berrien Circuit Court. After considering the financial data submitted by the county, the trial court determined that the average cost of handling a felony case was, conservatively, $2,237.55 a case and, potentially, cases could cost as much as $4,846 each. Therefore, the trial court concluded that, because even the most conservative estimate of the cost of processing a felony far exceeded the $1,000 amount of costs imposed, there was "a reasonable relationship between the costs imposed and the actual costs incurred by the trial court."[4]

Defendant's argument in the trial court against the trial court's determination appears primarily to have been a continued objection to the trial court's failure to assess costs on the basis of the actual expenditure of time and money in a particular case. Defendant, in particular, argued for recognition of the distinction between the time invested in resolving a case by a plea and the time invested in conducting a trial, or, for that matter, between the time involved in a one-day trial and that involved in a three-day trial. But, as the trial court observed in its opinion, defendant was repeating an argument that we had already rejected in our earlier opinion: that the costs imposed have to be particularized to the case before the court. As we thought we had made clear in our original opinion, a trial court may impose costs "without the necessity of separately calculating the costs involved in the particular case"[5] and that is true whether a case is quickly resolved by a plea or at the conclusion of a lengthy trial.

---

[4] *Id.* at 714.

[5] *Id.* at 715.

Indeed, we would be hesitant to uphold an approach that would take into account whether the case was resolved by a plea or by a trial. If we embraced defendant's argument that costs should be less in a case resolved by a plea that only took "25 minutes of court time" rather than by a trial, there would be a realistic concern that we would be penalizing a defendant for going to trial rather than pleading guilty. That is, a system where greater costs were imposed on a defendant who went to trial rather than plead guilty or nolo contendere would create a financial incentive for a defendant to plead rather than face the possibility of even greater court costs being imposed for exercising his or her constitutional right to a trial.

In any event, we are satisfied that the trial court complied with our directives on remand and did establish a sufficient factual basis to conclude that $1,000 in court costs under MCL 769.1k(1)(b)(*ii*) is a reasonable amount in a felony case conducted in the Berrien Circuit Court.

Affirmed.

WHITBECK, P.J., and HOEKSTRA, J., concurred with SAWYER, J.