# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

EMILIO MAURICE DEFOE,

        Defendant-Appellant.

UNPUBLISHED
March 26, 2015

No. 317979
Wayne Circuit Court
LC No. 12-002775-FC

## ON RECONSIDERATION

Before: MURRAY, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Following a jury trial, the trial court convicted defendant, Emilio Maurice Defoe, of felonious assault,[1] carrying a concealed weapon,[2] discharging a firearm in a building,[3] and possession of a firearm during the commission of a felony ("felony-firearm").[4] The trial court sentenced Defoe to serve 23 months to 4 years' imprisonment for his felonious assault conviction, two to five years' imprisonment for his carrying a concealed weapon conviction, 23 months to 4 years' imprisonment for his discharging a firearm in a building conviction and two years' imprisonment for his felony-firearm conviction. The trial court also ordered Defoe to pay $600 in court costs. Defoe appeals as of right. We affirm Defoe's sentence, but vacate the trial court's imposition of costs and remand for further proceedings consistent with this opinion.

## I. FACTS

On February 13, 2012, Defoe's girlfriend, Tiara Burton, and Ramone Dunlap's girlfriend got into an argument in an elevator in their apartment building. According to Dunlap, he was present and broke up the argument. He then went with his girlfriend to his aunt's apartment on

---

[1] MCL 750.82.

[2] MCL 750.227.

[3] MCL 750.234b.

[4] MCL 750.227b.

the fourteenth floor of the building. Shortly thereafter, Dunlap's younger brother told him that Defoe was looking for him. Dunlap decided to talk to Defoe, left his aunt's apartment, and took the elevator to the lobby.

Dunlap, Defoe, and Burton began to argue in the lobby. The apartment complex manager ordered them out of the lobby and they got into an elevator with another man. When the elevator opened on the fourteenth floor, Defoe blocked Dunlap from leaving the elevator. Defoe grabbed a black pistol out of his waistband and held it in Dunlap's face. Defoe let the other man out of the elevator and then shot Dunlap in the shoulder.

Dunlap testified that he thought he was going to die and he rushed Defoe. He and Defoe both had their hands on the gun and started "shooting the rest of the bullets down the hall . . . ." Bullets went in "all kinds of directions." While Dunlap wrestled Defoe for the gun, Defoe ordered a man named Tim to retrieve another gun for him. Tim returned with a revolver and told Dunlap to get off Defoe. Defoe grabbed the revolver from Tim and tried to shoot Dunlap, but Dunlap began wrestling him for the revolver. While wrestling for the revolver, shots were fired into the ceiling. Detroit Police Officer Michael Boyle testified that he found three bullet holes in a metal door, two marks in the ceiling that could have been bullet holes, and a bullet hole in the doorframe of an apartment.

According to Dunlap, he ran down the hallway when he thought that Defoe was out of bullets. Dunlap's cousin pulled a fire alarm. Defoe gave the gun to Burton and told her to put it away. Defoe then told Dunlap that "he was done," they shook hands, and they went their separate ways. When Dunlap arrived on the first floor, an officer informed him that he was shot and needed medical attention. Dunlap testified that he was shot twice in the shoulder.

## II. OFFENSE VARIABLE 9

## A. STANDARD OF REVIEW

Generally, this Court reviews preserved challenges to the sentencing court's scoring of a sentencing guidelines variable for clear error,[5] and reviews de novo the proper interpretation and application of the sentencing guidelines.[6] However, a defendant must timely challenge a sentence in order to preserve his argument.[7] Here, Defoe did not challenge his sentence before the trial court or in a motion for remand. Accordingly, this issue is unpreserved.

We review unpreserved issues for plain error affecting a defendant's substantial rights.[8] An error is plain if it is clear or obvious.[9] An error affects the defendant's substantial rights when it prejudices the defendant.[10]

---

[5] *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008).

[6] *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004).

[7] *People v Loper*, 299 Mich App 451, 456; 830 NW2d 836 (2013); MCL 769.34(10).

[8] *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

## B. LEGAL STANDARDS

The trial court scores offense variable (OV) 9 when victims are placed in danger of death or physical injury.[11] The trial court properly assesses 10 points under OV 9 when "[t]here were 2 to 9 victims who were placed in danger of physical injury or death . . . ."[12] The trial court must "[c]ount each person who was placed in danger of physical injury . . . as a victim."[13] A person may be a victim if he or she was nearby when the crime occurred, even if he or she did not actually suffer harm.[14]

## C. APPLYING THE STANDARDS

Defoe contends that the trial court erred when it found that there were at least two victims. Defoe asserts Burton and Tim were not in danger because Burton was Defoe's girlfriend and Tim was Defoe's friend. We disagree.

Here, Dunlap's testimony established that Burton was in the hallway for the entirety of the assault. Dunlap testified that bullets were going in "all kinds of directions." It is unclear from Dunlap's testimony when Tim entered the hallway, but Dunlap's testimony also established that Tim was in the hallway when the second set of shots was fired. Given that bullets were flying indiscriminately down the hallway, Burton's and Tim's relationships with Defoe are immaterial to whether they were placed in danger. We conclude that the trial court did not commit plain error when it assessed Defoe 10 points under OV 9.

## III. IMPOSITION OF COSTS

## A. STANDARD OF REVIEW

Defoe did not challenge the trial court's imposition of court costs before the trial court. As discussed above, this Court reviews unpreserved issues for plain error affecting a defendant's substantial rights.[15]

## B. APPLICATION

Defoe contends that the trial court erred by imposing $600 in court costs without a stated reason. The prosecutor argues that the trial court's decision was proper under this Court's decision in *People v Sanders*.

---

[9] *Id.*

[10] *Id.*

[11] MCL 777.39(1).

[12] MCL 777.39(1)(c).

[13] MCL 777.39(2)(a).

[14] *Morson*, 471 Mich at 262.

[15] *Carines*, 460 Mich at 763.

In *People v Sanders*, this Court ruled that the trial court could impose generally reasonable court costs under MCL 769.1k(1)(b)(*ii*) without separately calculating individual costs in any given case.[16] However, the Michigan Supreme Court has recently overruled this Court's decision in *Sanders*.[17] The Michigan Supreme Court held that MCL 769.1k(1)(b)(*ii*) does not independently authorize the trial court to impose "any cost."[18] The trial court may only impose those costs that the Legislature has authorized by statute.[19]

Here, the trial court imposed $600 in court costs on Defoe. The trial court did not state any reason for its imposition of those costs. In our original opinion, we concluded that the trial court plainly erred because MCL 769.1k(1)(b)(*ii*) did not permit it to impose costs that a statute does not authorize. But since that original opinion, we granted the prosecution's motion for reconsideration[20] and held this opinion in abeyance pending this Court's decision in *People v Konopka*, which was just recently issued. *People v Konopka*, ___ Mich App ___; ___ NW2d ___ (2015). Pursuant to *Konopka*, the prosecution is correct that the amended version of MCL 769.1k(1)(b)(*iii*) applies and allows the trial court to award costs for certain items independent of the sentencing offense. See *Konopka*, slip op at 7. Therefore, we vacate the trial court's imposition of $600 in court costs and remand for the trial court to impose any statutorily authorized costs under MCL 769.1k(1)(b)(*iii*).

## IV. CONCLUSION

We conclude that the trial court did not plainly err when it assessed 10 points under OV 9 because Dunlap testified that at least one other person was in the hallway during the shooting. We vacate the trial court's imposition of the $600.00 in costs, and remand for the trial court to impose any statutorily authorized costs under MCL 769.1k(1)(b)(*iii*).

We affirm in part, vacate in part, and remand. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra

---

[16] *People v Sanders*, 296 Mich App 710, 715; 825 NW2d 87 (2012), overruled by *People v Cunningham*, 496 Mich 145 (2014).

[17] *People v Cunningham*, 496 Mich 145, 159; 852 NW2d 118 (2014).

[18] *Id*.

[19] *Id*. at 158.

[20] *People v Defoe*, unpublished order of the Court of Appeals, entered December 22, 2014 (Docket No. 317979).