# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JONATHAN EDWARD LANCASTER II,

Defendant-Appellant.

UNPUBLISHED
May 19, 2015

No.  319973
Wayne Circuit Court
LC No.  13-005893-FC

Before:  RIORDAN, P.J., and JANSEN and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's imposition of $600 in court costs. Defendant pleaded guilty to one count of armed robbery, MCL 750.529, and one count of possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b.  He was sentenced to 4 to 20 years for armed robbery and five years for felony-firearm.  We remand for proceedings consistent with this opinion.

## I.  FACTUAL BACKGROUND

On June 13, 2013, defendant entered a 7-11 store with a handgun.  He pointed the gun at the cashier and demanded money.  The cashier gave defendant approximately $150, and defendant left the store.

Defendant pleaded guilty to armed robbery and felony-firearm.  He was sentenced to 4 to 20 years for armed robbery and five years for felony-firearm.  At the sentencing hearing, the trial court stated, "He's got those fines and costs, and they're automatically put on."  The court did not specify further.  The judgment of sentence reflects that defendant was ordered to pay $600 in court costs.  Defendant now appeals.

## II.  COURT COSTS

---

[1] *People v Lancaster*, unpublished order of the Court of Appeals, entered February 7, 2014 (Docket No. 319973).

-1-

## A. STANDARD OF REVIEW

"Because defendant failed to object when the trial court ordered [him] to pay costs . . . we review [his] challenge to the trial court's imposition of court costs for plain error." *People v Konopka*, __Mich App__; __NW2d__ (Docket No. 319913, issued March 3, 2015); slip op at 6. To demonstrate such error, the defendant must show that (1) an error occurred, (2) the error was clear or obvious, and (3) "the plain error affected substantial rights," which "generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

## B. LEGAL BACKGROUND

Defendant contends that the trial court abused its discretion in imposing an excessive amount of court costs that were not reasonably related to the circumstances of this case. He also contends that court improperly imposed the costs without expressing its reasoning on the record. We agree, in part.

At the time defendant committed the crimes and at his sentencing, MCL 769.1k provided that the court may impose "[a]ny cost in addition to the minimum state cost set forth in subdivision (a)." MCL 769.1k(1)(b)(*ii*). In interpreting this language, the Michigan Supreme Court in *People v Cunningham*, 496 Mich 145, 154; 852 NW2d 118 (2014), held that the statute "does not provide courts with the independent authority to impose 'any cost.' " *Id.* Rather, the Court found that trial courts are authorized "to impose only those costs that the Legislature has separately authorized by statute." *Id.*

Nevertheless, the Legislature subsequently passed 2014 PA 352, which amended the language of the statute. The amendment was given immediate effect as of October 17, 2014, which occurred during the pendency of this appeal. The statute now provides that the court may impose "any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case[.]" MCL 769.1k(1)(b)(*iii*). Further, Enacting Section 1 of the amendment provides, "This amendatory act applies to all fines, costs, and assessments ordered or assessed under section 1k of chapter IX of the code of criminal procedure, 1927 PA 175, MCL 769.1k, before June 18, 2014, and after the effective date of this amendatory act." Enacting Section 2 provides, "This amendatory act is a curative measure that addresses the authority of courts to impose costs under section 1k of chapter IX of the code of criminal procedure, 1927 PA 175, MCL 769.1k, before the issuance of the supreme court opinion in <u>People</u> v <u>Cunningham</u>, 496 Mich 145 (2014)."

In *Konopka*, we addressed the impact of the amendments in the context of *Cunningham*, and most notably the added language in MCL 769.1k(1)(b)(*iii*). We concluded that the amended statute applies in cases pending on appeal when the amendment was adopted, and when the costs and assessments were incurred before June 18, 2014. *Konopka*, __ Mich App at__; slip op at 6. We also recognized that "[w]hen a new law makes clear that it is retroactive, an appellate court must apply that law in reviewing judgments still on appeal that were rendered before the law was

enacted, and must alter the outcome accordingly." *Id.*; slip op at 6 (quotation marks and citations omitted).[2]

Ultimately, we concluded that "[t]he amended version of MCL 769.1k(1)(b)(*iii*) provides for an award of certain costs that are *not* independently authorized by the statute for the sentencing offense[.]" *Id.* at __; slip op at 6 (emphasis in original). In other words, we found that the MCL 769.1k(1)(b)(*iii*) authorizes trial courts to impose costs independent of the statute for the sentencing offense. *Id.* at __; slip op at 7.

However, we also found that the trial court in *Konopka* "did not establish a factual basis" for the fee imposed in that case. *Id.* at __; slip op at 8. Thus, we were unable to "determine whether the costs imposed were reasonably related to the actual costs, as required by MCL 769.1k(1)(b)(*iii*)." *Id.* at __; slip op at 7-8. We explained that even though the trial court need not separately calculate the costs involved in a particular case, "defendant should be given the opportunity to challenge the reasonableness of the costs below" and the trial court should "establish a factual basis" for the costs imposed. *Id.* at __; slip op at 2, 8. Because the trial court failed to do that, we remanded for the trial court to establish a factual basis for the costs imposed in that case. *Id.* at __; slip op at 8.

## C. APPLICATION IN THIS CASE

In light of *Konopka, supra*, we find that the trial court had the authority to impose costs in this case. However, like the defendant in *Konopka*, defendant also challenges the trial court's failure to detail its reasoning for the costs imposed. Defendant is correct that the trial court failed to divulge its reasoning on the record. Thus, as in *Konopka*, this Court is unable to "determine whether the costs imposed were reasonably related to the actual costs, as required by MCL 769.1k(b)(*iii*)." __ Mich App at ___; slip op at 8. Defendant "should be given the opportunity to challenge the reasonableness of the costs below." *Id.* at ___; slip op at 8, citing *People v Sanders*, 296 Mich App 710, 715; 825 NW2d 87 (2012).

Accordingly, we remand this case "to the trial court for further proceedings to establish a factual basis for the . . . costs imposed, under MCL 769.1k(1)(b)(*iii*), or to alter [the amount imposed], if appropriate." *Konopka*, __ Mich App at ___; slip op at 8.

---

[2] We also found that the amendments did not violate the separation of powers, equal protections, substantive due process, or the ex post factor clauses. *Id.* at __; slip op at 8-16.

## III. CONCLUSION

Consistent with *Konopka, supra*, we remand this case for further proceedings to establish the factual basis for the amount of court costs imposed. MCL 769.1k(1)(b)(*iii*). We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Karen M. Fort Hood