# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KEITH DEJUAN JACKSON,

Defendant-Appellant.

UNPUBLISHED
July 30, 2015

No. 321064
Wayne Circuit Court
LC No. 13-010718-FH

Before: WILDER, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant was convicted of possession of a firearm by a person convicted of a felony (felon-in-possession), MCL 750.224f, carrying a concealed weapon, MCL 750.227, possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and possession of marijuana, MCL 333.7403(2)(d). Defendant was sentenced, as a third habitual offender, MCL 769.11, to three years' probation for both felon-in-possession and carrying a concealed weapon, two years' imprisonment for felony-firearm, and 109 days in jail, time served, for possession of marijuana. Defendant does not challenge his convictions on appeal, but instead appeals as of right the trial court's imposition of certain fees and costs. We vacate the challenged costs and fees and remand for further proceedings.

This case arises from an encounter between Detroit Police officers and defendant on November 14, 2013. While on patrol, the officers noticed defendant, who matched the description of a robbery suspect sought by police. Defendant began to act furtively and suspicious when one officer spoke to him. Defendant walked quickly away from the officers and entered a nearby home. The officers pursued him and recovered a .32-caliber revolver from a clothes hamper in the house and two baggies containing suspected marijuana from defendant's pants pocket.

At sentencing, the trial court imposed a $130 crime victim's assessment fee, $400 in attorney fees, $600 in court costs, and a $10 monthly supervisory fee. Other than simply stating the amounts of the fees and costs, the trial judge did not discuss them on the record.

Defendant contends that the Supreme Court's holding in *People v Cunningham*, 496 Mich 145; 852 NW2d 118 (2014), prevents a trial court from imposing costs and fees not specifically authorized by statute. As a result, defendant argues that this Court should vacate the

-1-

portion of the trial court's order that imposes $600 in court costs and a $10 monthly supervisory fee.[1]

In *Cunningham*, the Supreme Court overruled *People v Sanders*, 296 Mich App 710; 825 NW2d 87 (2012), which had authorized trial courts to impose a "generally reasonable" amount of court costs under MCL 769.1k(1)(b)(*ii*). *Id*. at 715. Rather, the Supreme Court held "that MCL 769.1k(1)(b)(*ii*) does not provide courts with the independent authority to impose 'any cost.' Instead, . . . MCL 769.1k(1)(b)(*ii*) provides courts with the authority to impose only those costs that the Legislature has separately authorized by statute." *Cunningham*, 496 Mich at 158.

However, the Legislature addressed the issue on October 17, 2014, after *Cunningham* was decided, when it amended MCL 769.1k to allow a trial court to impose "any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case." MCL 769.1k(1)(b)(*iii*). This Court recently held that the amended version of the statute "authorizes the imposition of costs independently of the statute for the sentencing offense" so long as the trial court establishes a factual basis to determine whether the imposed costs were reasonably related to the court's actual costs. *Konopka*, slip op at 7-8. If there is no factual basis upon which this Court may make such a determination, it is appropriate to remand the case to the trial court for further proceedings. *Id*., slip op at 8.

In this case, defendant was convicted of felon-in-possession, MCL 750.224f, carrying a concealed weapon, MCL 750.227, felony-firearm, MCL 750.227b, and possession of marijuana, MCL 333.7403(2)(d). None of these statutes authorizes a trial court to impose fees or costs. This case also does not qualify as one of the "variety of circumstances" in which the Legislature has specifically conferred upon a trial court the authority to impose fees and costs. See *Cunningham*, 496 Mich at 150-151. Accordingly, were it not for the Legislature's amendment to MCL 769.1k and this Court's recent holding in *Konopka*, the trial court in this case would have erred in imposing the $600 court costs and the $10 monthly supervisory fee. See *id*. at 158.

However, the amended version of MCL 769.1k "applies to all fines, costs, and assessments ordered or assessed before June 18, 2014." 2014 PA 352, enacting § 1. " 'When a new law makes clear that it is retroactive, an appellate court must apply that law in reviewing judgments still on appeal that were rendered before the law was enacted, and must alter the outcome accordingly.' " *Mayor of Detroit v Arms Technology, Inc*, 258 Mich App 48, 65; 669 NW2d 845 (2003) (citation omitted). The trial court in this case imposed the costs and fees at issue on March 3, 2014. Thus, the amended statute applies.

Under the amended version of MCL 769.1k, a trial court may impose "any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case." MCL 769.1k(1)(b)(*iii*). In order to show that the imposed cost was reasonably related to its actual cost, however, the trial court must provide

---

[1] We review an unpreserved objection to a trial court's imposition of fees and costs for plain error affecting substantial rights. *People v Konopka*, ___ Mich App ___; ___ NW2d ___ (2015), slip op at 6.

some factual basis. See *id*; *Konopka*, slip op at 7-8. In this case, the trial court imposed the costs and fees with no explanation whatsoever, as it was not required to do so under then-existing law. See *Sanders*, 296 Mich App at 715. Thus, there is simply no basis for this Court to determine if the $600 court costs and the $10 monthly supervisory fee are reasonably related to the trial court's actual costs. Remanding to the trial court for provision of that factual basis is, therefore, appropriate.

We vacate the trial court's imposition of $600 in court costs and a $10 monthly supervisory fee and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kurtis T. Wilder
/s/ Douglas B. Shapiro
/s/ Amy Ronayne Krause