# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

EDWARD RAY WATKINS,

        Defendant-Appellant.

UNPUBLISHED
May 14, 2015

No. 320098
Berrien Circuit Court
LC No. 2013-016179-FH

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

PER CURIAM.

Defendant, Edward Ray Watkins, appeals as of right his jury convictions of assault by strangulation, MCL 750.84(1)(b), and domestic assault, MCL 750.81(2). The trial court sentenced him as a fourth-offense habitual offender, MCL 769.12, to 36 to 240 months' imprisonment for assault by strangulation and 30 to 240 months' imprisonment for domestic assault. In addition, the trial court imposed $1,000 in court costs. We affirm.

## I. FACTS

Defendant and Corina Cowan, the victim, resided together as boyfriend and girlfriend on the evening of September 5, 2013. Cowan recalled that she and defendant were drinking alcohol together at her father's house. She returned home without defendant and locked the deadbolt on her apartment door. Two hours later, defendant arrived home and his key would not open the door because of the deadbolt. He became angry, screamed obscenities at Cowan, and tried to kick in the door. Cowan then opened the door for defendant. He rushed inside, accusing Cowan of having another man with her. He pushed Cowan to the ground, told her he was going to kill her, choked her, and kicked her in her ribs and side. After managing to free herself and escape out the back door, Cowan called 911. A police officer came, finding Cowan distraught, crying, and physically injured. That same officer observed footprints on Cowan's door and injuries to her neck that evening. Cowan testified that she suffered internal bleeding from her injuries.

At trial, Cowan testified that "this [was] not the first time that [defendant] tried to strangle me, or kick me." She recalled that she had contacted the police on three other occasions

-1-

because defendant had assaulted her. On one occasion, defendant struck her in the head with a beer bottle, breaking the bottle.[1]

Testifying on his own behalf, defendant denied harming Cowan that night. He said he did not try to kick in the door, never yelled obscenities at Cowan, and did not choke or kick her. He also denied harming her on any previous occasion.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that the evidence was insufficient to support his convictions. We review de novo a challenge to the sufficiency of the evidence. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). Although articulated as "de novo," "[t]he standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict. The scope of review is the same whether the evidence is direct or circumstantial." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

"Due process requires that, to sustain a conviction, the evidence must show guilt beyond a reasonable doubt." *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). Defendant was convicted of assault by strangulation and domestic assault. A person is guilty of assault by strangulation where he "[a]ssaults another person by strangulation or suffocation." MCL 750.84(1)(b). " '[S]trangulation or suffocation' means intentionally impeding normal breathing or circulation of the blood by applying pressure on the throat or neck . . . ." MCL 750.84(2). A person is guilty of domestic assault where he "assaults or assaults and batters . . . an individual with whom he . . . has had a dating relationship . . . or a resident or former resident of his . . . household . . . ." MCL 750.81(2). Assault is a necessary element of both statutes under which defendant was convicted. Defendant only disputes whether there was sufficient evidence for a rational jury to conclude, beyond a reasonable doubt, that he committed an assault.

An assault is "an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Cameron*, 291 Mich App 599, 614; 806 NW2d 371 (2011) (citation and quotation marks omitted). A battery is "an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *Id.* (citation and quotation marks omitted). "Every battery necessarily includes an assault because a battery is the very consummation of the assault." *Id.* (citation and quotation marks omitted). In this case, the evidence at trial was sufficient to establish that defendant intentionally engaged in unconsented and harmful or offensive touching of Cowan. Cowen testified that defendant pushed, choked, and kicked her. These actions caused her to have trouble breathing and to feel like she would vomit. Defendant's behavior resulted in injuries to Cowan's throat. A police officer observed Cowan

---

[1] In passing and with no analysis, defendant insinuates that the other-acts evidence offered against him was inadmissible. His cursory assertion is tantamount to abandonment of this issue. *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). Moreover, we find no merit to any assertion that the other-acts evidence was inadmissible.

crying and rubbing her neck. He saw injuries on her neck, and the credibility of her version of events was further corroborated by the footprints on the door. The next day, Cowan was admitted to the hospital and she testified that she suffered internal bleeding and was vomiting blood because of her injuries. Although defendant's testimony differed greatly from Cowan's, "[i]t is the province of the jury to determine questions of fact and assess the credibility of witnesses." *People v Lemmon*, 456 Mich 625, 637; 576 NW2d 129 (1998). In sum, we find there was sufficient evidence to support a finding of assault. See *People v Meissner*, 294 Mich App 438, 454; 812 NW2d 37 (2011). Accordingly, there is no merit to defendant's argument that he was denied due process.

## III. IMPOSITION OF COURT COSTS

Defendant next argues that the trial court erred in imposing $1,000 in court costs pursuant to MCL 769.1k(1)(b)(*ii*). He argues that our Supreme Court's decision in *People v Cunningham*, 496 Mich 145; 852 NW2d 118 (2014), demonstrates that the trial court lacked authority to impose such costs under the statute. Because defendant did not challenge the imposition of costs at sentencing, this issue is unpreserved, and our review is for plain error affecting substantial rights. See *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Defendant was sentenced on December 23, 2013. At that time, MCL 769.1k(1)(b) authorized the trial court to impose certain enumerated costs, as well as "(*ii*) [a]ny cost in addition to the minimum state cost set forth in subdivision (a)." At the time of sentencing, this Court interpreted MCL 769.1k(1)(b)(*ii*) as authorizing a trial court to impose court costs as long as those costs were in a "generally reasonable amount . . . ." *People v Sanders*, 296 Mich App 710, 715; 825 NW2d 87 (2012) (*Sanders I*), overruled in part by *People v Cunningham*, 496 Mich 145. Nonetheless, a trial court was required to establish a factual basis for the court costs imposed, and this Court in *Sanders I* remanded the imposition of costs in that case "in order to facilitate meaningful appellate review of the reasonableness of the costs assessed defendant." *Id.*

As defendant recognizes, in *Cunningham*, 496 Mich at 147, 158, our Supreme Court held that MCL 769.1k(1)(b)(*ii*) did not provide courts with authority to impose "any cost" on criminal defendants, specifically rejecting the idea that the statute permitted the imposition of court costs. "Rather, MCL 769.1k(1)(b)(*ii*) provides courts with the authority to impose only those costs that the Legislature has separately authorized by statute." *Id.* at 154. In other words, costs could only be imposed under MCL 769.1k(1)(b)(*ii*) if they were authorized by the sentencing offense or other statute; MCL 769.1k(1)(b)(*ii*) did not itself provide such authority. *Id.* Because the court costs imposed in that case were not otherwise authorized by statute, they were impermissible. *Id.* The Supreme Court overruled *Sanders I* to the extent it was inconsistent with its decision in *Cunningham*. *Id.* at 159.

In the case at bar, defendant is correct in arguing that *Cunningham* would require reversal of the court costs imposed because the statutes under which he was convicted, MCL 750.84 and 750.81, do not provide the authority to impose court costs, and neither did MCL 769.1k, per our Supreme Court's interpretation in *Cunningham*. See *id.*

However, on October 17, 2014, the Legislature enacted 2014 PA 352, which became effective immediately, to amend MCL 769.1k in light of our Supreme Court's decision in

*Cunningham*. As recognized by this Court in *People v Konopka*, __ Mich App __; __ NW2d __ (Docket No. 319913, issued March 3, 2015), slip op at 5, the enacting sections of 2014 PA 352 provide:

> Enacting section 1. This amendatory act applies to all fines, costs, and assessments ordered or assessed under section 1k of chapter IX of the code of criminal procedure, 1927 PA 175, MCL 769.1k, before June 18, 2014, and after the effective date of this amendatory act.

> Enacting section 2. This amendatory act is a curative measure that addresses the authority of courts to impose costs under section 1k of chapter IX of the code of criminal procedure, 1927 PA 175, MCL 769.1k, before the issuance of the supreme court opinion in <u>People v Cunningham</u>, 496 Mich 145 (2014).

> This act is ordered to take immediate effect.

In accordance with the enacting sections, the amended version of MCL 769.1k(1)(b) expressly addresses the issue of costs that may be imposed, providing, in pertinent part, that following a conviction by either plea or trial, a trial court may impose, among others, all of the following:

> (*i*) Any fine authorized by the statute for a violation of which the defendant entered a plea of guilty or nolo contendere or the court determined that the defendant was guilty.

> (*ii*) Any cost authorized by the statute for a violation of which the defendant entered a plea of guilty or nolo contendere or the court determined that the defendant was guilty.

> (*iii*) Until 36 months after the date the amendatory act that added subsection (7)[2] is enacted into law, any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case, including, but not limited to, the following:

> (A) Salaries and benefits for relevant court personnel.

> (B) Goods and services necessary for the operation of the court.

---

[2] MCL 769.1k(7) provides that:

Beginning January 1, 2015, the court shall make available to a defendant information about any fine, cost, or assessment imposed under subsection (1), including information about any cost imposed under subsection (1)(b)(*iii*). However, the information is not required to include the calculation of the costs involved in a particular case.

(C) Necessary expenses for the operation and maintenance of court buildings and facilities.

In *Konopka*, __ Mich App at __, slip op at 6-7, this Court held that the amended version of MCL 769.1k(1)(b)(*iii*) allows the trial court to impose court costs reasonably related to the actual costs incurred by the trial court. This amended version of the statute, which became effective on October 17, 2014, "applies to all fines, costs, and assessments under MCL 769.1k before June 18, 2014[3], and after the effective date of the amendatory act." *Id.* at 6, citing 2014 PA 352. In deciding whether to apply the law retroactively, the panel noted that the amended act was a curative measure that was intended to apply retroactively. *Id.* at 6. "When a new law makes clear that it is retroactive, an appellate court must apply that law in reviewing judgments still on appeal that were rendered before the law was enacted, and must alter the outcome accordingly." *Id.* (citation and quotation marks omitted).[4] Thus, this Court applied the statute retroactively and found that it authorized the imposition of court costs in that case. *Id.* at 6-7.[5]

---

[3] This was the date on which *Cunningham* was issued.

[4] With regard to whether the Legislature "improperly dismantled the Michigan Supreme Court's decision in *Cunningham*," this Court in *Konopka* cited to *Romein v Gen Motors Corp*, 436 Mich 515, 538-539; 462 NW2d 555 (1990), and noted that

> [c]ourts have consistently upheld the retroactive application of 'curative' legislation which corrects defects subsequently discovered in a statute and which restores what Congress had always believed the law to be. The Court [in *Romein*] also noted that if the defendants' separation of powers claim had merit as applied to the curative statute challenged here, the power of the Legislature to enact curative and remedial legislation would be severely curtailed, even where the statute does not violate constitutional due process limits. Such a consequence would represent a judicial usurpation of what is properly a legislative function.
>
> * * *
>
> The Legislature's enactment of 2014 PA 352 did not encroach on the sphere of the judiciary. Instead, the Legislature merely amended the statute that *Cunningham* had construed. The Legislature was permitted to retroactively amend the statute that it perceived to have been misconstrued by the judiciary, as long as the statute comported with the contract and due process clauses of the federal and state constitutions. Defendant does not claim any contract clause violation, and . . . defendant has not established a due process violation. Accordingly, defendant has not established a violation of the separation of powers clause of the Michigan constitution. [*Konopka*, __ Mich App at ___, slip op at 10-11 (citations and quotation marks omitted)].

[5] However, while finding that the imposition of court costs was authorized, the panel in *Konopka* nevertheless remanded for the trial court to establish a factual basis, under MCL 769.1k(1)(b)(*iii*), for the costs imposed in that case. *Id.* at 7. The Court explained that, "although the costs imposed in this case need not be separately calculated," remand was

Here, the trial court imposed costs before June 18, 2014, and the case was pending on appeal when the Legislature adopted the amended version of MCL 769.1k. Therefore, the amended version of MCL 769.1k applies retroactively in this case. *Konopka*, __ Mich App at __, slip op at 6. The amended version of MCL 769.1k "authorizes the imposition of costs independently of the statute[s] for the sentencing offense[s]." *Id.* at 7. Specifically, MCL 769.1k(1)(b)(*iii*) authorizes a trial court to impose "any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case" including costs necessary for court personnel, goods and services necessary to the operation of the court, and necessary expenses for the operation and maintenance of court buildings and facilities. In light of the amended version of MCL 769.1k(1)(b)(*iii*), defendant cannot establish plain error[6] with regard to the trial court's imposition of costs in this case. *Id.* at 7-8.[7]

Affirmed.

/s/ Jane M. Beckering
/s/ Jane E. Markey
/s/ Douglas B. Shapiro

---

necessary in light of the fact that there was no factual basis for the costs imposed. *Id.* at 7-8, citing MCL 769.1k(1)(b)(*iii*). "[W]ithout a factual basis for the costs imposed," explained the panel, "we cannot determine whether the costs imposed were reasonably related to the actual costs, as required by MCL 769.1k(1)(b)(*iii*)." *Id.* at 8. In that case, the defendant expressly challenged the lack of reasoning for the costs imposed. *Id.*

[6] Unlike in *Konopka*, we find it unnecessary to remand for a determination as to whether there was a sufficient factual basis to conclude that the costs imposed were reasonable. Unlike the defendant in *Konopka*, defendant in the instant case has not raised such a challenge. Moreover, in *People v Sanders (After Remand)*, 298 Mich App 105, 107-108; 825 NW2d 376 (2012) (*Sanders II*), based on information provided by the Berrien Circuit Court—the trial court at issue in this case—this Court determined that there was a sufficient factual basis to conclude that $1,000 in court costs was a reasonable amount for a felony case conducted in Berrien Circuit Court. Thus, we see no need to remand in the instant case.

[7] Although not raised by defendant, we note that this Court in *Konopka*, __ Mich App at __, slip op at 13-16, concluded that the retroactive application of the amended version of MCL 769.1k(1)(b)(*iii*) did not amount to an ex post facto violation.