# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE CITY OF WESTLAND,

        Plaintiff-Appellee,

v

FRANCIS GREGORY MARTIN,

        Defendant-Appellant.

UNPUBLISHED
May 19, 2015

No. 317722
Wayne Circuit Court
LC No. 12-005629-AR

Before: RIORDAN, P.J., and JANSEN and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the circuit court order denying his request to appeal the district court order requiring him to pay $590 in court costs in this trespassing action. We reverse and remand.

## I. FACTUAL BACKGROUND

Defendant was convicted of trespassing in violation of § 62-126 of the city of Westland ordinance. The district court sentenced defendant to one year of probation and ordered him to pay various costs and fees, including: court costs of $1,000; a supervision fee of $240; a statutory fine of $250; a crime victim's fee of $75; state minimum costs of $50; and other costs of $300.

Defendant then appealed to the circuit court, contending that his conviction could not stand and he further disputed the $1,000 in court costs. Although the circuit court affirmed his conviction, it remanded to the district court for resentencing. The circuit court found that the district court should not have accounted for the time of the judge, court staff, or jury when calculating court costs. The circuit court remanded for the district court to state its reasons for the amount of court costs imposed on the record.

On remand, the district court did not hold an evidentiary hearing, but reduced the amount of court costs to $590. The district court relied on an affidavit from the administrator of the 18th

---

[1] *People of the City of Westland v Martin*, unpublished order of the Court of Appeals, entered February 19, 2014 (Docket No. 31772).

-1-

District Court, who opined that the average cost of processing a misdemeanor case in the court for the past three fiscal years was $593.45.

Defendant again appealed to the circuit court, contending that the district court erred in failing to hold an evidentiary hearing and in imposing court costs. The circuit court denied defendant's appeal. Defendant now appeals in this Court.

## II. COURT COSTS

### A. STANDARD OF REVIEW

Defendant contends that the district court was without authority to impose court costs for the court's time and the salary of court staff. He further argues that the court erred in imposing court costs without holding an evidentiary hearing. The interpretation and application of a statute is a question of law that we review de novo. *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998). We also review constitutional issues de novo. *People v Mahone*, 294 Mich App 208, 215; 816 NW2d 436 (2011).

### B. LEGAL BACKGROUND

At the time defendant committed the trespassing violation and at his sentencing, MCL 769.1k provided that the court may impose "[a]ny cost in addition to the minimum state cost set forth in subdivision (a)." MCL 769.1k(1)(b)(*ii*). In *People v Sanders*, 296 Mich App 710, 715; 825 NW2d 87 (2012) (*Sanders I*), we analyzed this statute and "conclude[d] that a trial court may impose a generally reasonable amount of court costs under MCL 769.1k(1)(b)(*ii*) without the necessity of separately calculating the costs involved in the particular case[.]" However, we also remanded the case to the trial court, finding that "in order to facilitate meaningful appellate review of the reasonableness of the costs assessed," the trial court had to explain the basis of the costs imposed. *Id.* We reiterated that at the hearing "the costs figure does not need to be particularized in each individual case." *Id.* at 715. Rather, the purpose of the hearing was to afford defendant the opportunity to challenge the reasonableness of the costs and for the trial court to establish the factual basis for the figure selected. *Id.* at 715-716.

After remanding the case, we affirmed the trial court's imposition of costs. *People v Sanders*, 298 Mich App 105; 825 NW2d 376 (2012) (*Sanders II*). We noted that the trial court conducted a hearing where it received evidence regarding the costs of processing a felony case in the circuit court, it determined the average cost of handling such a case, and it imposed a lesser amount than that figure. *Id.* at 107. We concluded that the trial court, in reliance on that evidence, correctly found that there was a reasonable relationship between the costs imposed and the actual costs incurred. *Id.*

However, two years later, in *People v Cunningham*, 496 Mich 145, 154; 852 NW2d 118 (2014), the Michigan Supreme Court held that MCL 769.1k(1)(b)(*ii*) "does not provide courts with the independent authority to impose 'any cost.' " *Id.* Rather, the Court found that trial courts are authorized "to impose only those costs that the Legislature has separately authorized by statute." *Id.* The Court overruled *Sanders I* to the extent that it improperly found that MCL 769.1k(1)(b)(ii) authorized the imposition of costs without any explicit limitation. *Id.* at 159.

Nevertheless, the Legislature subsequently passed 2014 PA 352, which amended the language of the statute. The amendment was given immediate effect as of October 17, 2014, which occurred during the pendency of this appeal. The statute now provides that the court may impose "any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case[.]" MCL 769.1k(1)(b)(*iii*).

In *People v Konopka*, __Mich App__; __NW2d__ (Docket No. 319913, issued March 3, 2015), we recently addressed the impact of the amendments in the context of *Cunningham*, most notably the added language in MCL 769.1k(1)(b)(*iii*). We concluded that the amended statute applies in cases pending on appeal when the amendment was adopted, and when the costs and assessments were incurred before June 18, 2014. *Konopka*, __ Mich App at__; slip op at 6. We also recognized that "[w]hen a new law makes clear that it is retroactive, an appellate court must apply that law in reviewing judgments still on appeal that were rendered before the law was enacted, and must alter the outcome accordingly." *Id.*; slip op at 6 (quotation marks and citations omitted).[2]

Ultimately, we concluded that "[t]he amended version of MCL 769.1k(1)(b)(*iii*) provides for an award of certain costs that are *not* independently authorized by the statute for the sentencing offense[.]" *Konopka*, __ Mich App at __; slip op at 6 (emphasis in original). In other words, we found that MCL 769.1k(1)(b)(*iii*) authorizes trial courts to impose costs independent of the statute for the sentencing offense. *Id.* at __; slip op at 7.

However, we also found that the trial court in *Konopka* "did not establish a factual basis" for the fee imposed in that case. *Id.* at __; slip op at 8. Thus, we were unable to "determine whether the costs imposed were reasonably related to the actual costs, as required by MCL 769.1k(1)(b)(*iii*)." *Id.* at __; slip op at 7-8. Citing to *Sanders I*, we held that even though the trial court need not separately calculate the costs involved in a particular case, "defendant should be given the opportunity to challenge the reasonableness of the costs below" and the trial court should "establish a factual basis" for the costs imposed. *Id.* at __; slip op at 2, 8. Because the trial court failed to do that, we remanded for the trial court to establish a factual basis for the costs imposed in that case. *Id.* at __; slip op at 8.

## C. APPLICATION IN THIS CASE

Defendant first contends that the district court erred in an imposing a fee that, in part, accounted for the salary of court personnel.

Defendant's arguments primarily are based on the pre-amended version of the statute. Yet, the amendment to MCL 769.1k applies to the instant case because the district ordered defendant to pay court costs before June 18, 2014. See *Konopka*, ___ Mich App at __; slip op at 6. As amended, MCL 769.1k gave the district court authority to impose "any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs

---

[2] We also found that the amendments did not violate the separation of powers, equal protections, substantive due process, or the ex post factor clauses. *Id.* at __; slip op at 8-16.

involved in the particular case[.]" MCL 769.1k(1)(b)(*iii*). Those costs specifically include salaries and benefits for relevant court personnel, as well as goods and services necessary for the operation of the court, MCL 769.1k(1)(b)(*iii*)(A) and (B). Accordingly, the district court had statutory authority to impose court costs on defendant in this case that were based, in part, on the district court's time and the salary of the court's staff.[3]

Defendant, however, maintains that the district court erred because it failed to hold an evidentiary hearing before imposing court costs. He contends that this error denied him due process because he was precluded from a critical stage of trial. However, the cases defendant cites—*Kentucky v Stincer*, 482 US 730; 107 S Ct 2658; 96 L Ed 2d 631 (1987); *Rushen v Spain*, 464 US 114; 104 S Ct 453; 78 L Ed 2d 267 (1983); *United States v Riddle*, 249 F3d 529 (CA 6, 2001)—do not support his argument that the district court erred in failing to conduct an evidentiary hearing. In each of those cases, there was a trial proceeding at which the defendant was not present. Here, there was no proceeding from which defendant was absent; there simply was no proceeding at all. Thus, the cases defendant relies on are inapposite.

Nevertheless, we agree with defendant that he should have had an opportunity to challenge the court costs imposed. The circuit court's remand order instructed the district court to use *Sanders I* as guidance, resentence defendant, and state its reasons for the amount of court costs on the record. See *K & K Constr, Inc v Dep't of Environmental Quality*, 267 Mich App 523, 544-545; 705 NW2d 365 (2005) ("It is the duty of the lower court or tribunal, on remand, to comply strictly with the mandate of the appellate court." (Quotation marks and citation omitted)).

As discussed *supra*, we remanded the case in *Sanders I* because the trial court failed to explain the basis for the costs imposed and defendant was not afforded the opportunity to challenge the reasonableness of the costs. 296 Mich App at 715-716. See also *Konopka*, __ Mich App at __; slip op at 7-8. Here, the district court set a hearing to address the costs issue and ordered defendant to submit briefing. However, the court then cancelled the hearing but imposed costs anyway. In its written opinion, the district court produced an affidavit from the administrator of the 18th District Court, who stated that the average cost of processing a misdemeanor case in the court for the past three years was $593.45.[4]

---

[3] Defendant's reliance on *People v Wallace*, 245 Mich 310; 222 NW 698 (1929), and *People v Teasdale*, 335 Mich 1; 55 NW2d 149 (1952), is misplaced. Those cases predate the amendment of MCL 769.1k by decades, and do not involve a statute similar to MCL 769.1k. Further, while defendant argues that the reimbursement statute, MCL 769.1f, should instead control, he was not ordered to reimburse the court for the exact costs incurred in this case. Rather, the court imposed court costs that were reasonably related to defendant's conviction pursuant to MCL 769.1k.

[4] The district court also relied on the trial court opinion after remand in *Sanders I*. Attached to the district court's order and opinion were various documents regarding the budget for the city of Westland. However, the extent of the district court's reliance on or analysis of these documents is not clear.

Although the trial court may have disclosed the factual basis for its decision, it did not afford defendant the opportunity to challenge the evidence. Defendant was given no opportunity to challenge the previously undisclosed affidavit nor any of the other evidence the trial court attached to its order and opinion. Moreover, the circuit court specifically remanded the case to the district court with instructions for the district court to adhere to the dictates of *Sanders I*. In *Sanders I*, we specifically remanded for the trial court to conduct a hearing "to factually establish" the reasonableness of the costs and to afford the "defendant the opportunity to challenge that determination." 296 Mich App at 715-716.

Therefore, consistent with *Sanders I* and *Konopka*, we remand for the trial court to conduct a hearing to establish a factual basis for the costs imposed and to afford defendant the opportunity to challenge the reasonableness of the costs imposed.

## III. CONCLUSION

Consistent with *Konopka, supra*, the trial court has the statutory authority to impose court costs in this case. MCL 769.1k(1)(b)(*iii*). However, because defendant was not afforded the opportunity to challenge the reasonableness of the costs imposed, we must remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Karen M. Fort Hood