# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

　　　　　Plaintiff-Appellee,

v

JASON THOMAS JUNTIKKA,

　　　　　Defendant-Appellant.

FOR PUBLICATION
April 21, 2015
9:05 a.m.

No. 318300
Houghton Circuit Court
LC No. 2013-002677-FH

---

Before: O'CONNELL, P.J., and FORT HOOD and GADOLA, JJ.

GADOLA, J.

At issue in this case is whether a trial court properly imposed a $100 probation enhancement fee upon defendant under MCL 771.3. Because we conclude that MCL 771.3(2)(d) does not independently authorize trial courts to impose any assessment, and because we conclude that the probation enhancement fee was not statutorily authorized as a cost specifically incurred in defendant's case, we vacate the portion of the court's order imposing the probation enhancement fee and remand for further proceedings.

## I. BACKGROUND

On January 23, 2013, defendant pleaded guilty to one count of failing to register as a sex offender, MCL 28.729. The trial court sentenced defendant to a five-year probationary term and 12 months in the county jail. The court additionally ordered defendant to pay several financial charges, including a $100 probation enhancement fee.

On August 6, 2013, defendant filed a motion for resentencing, contending, among other things, that the $100 probation enhancement fee was improper because it was an unauthorized assessment. The court denied defendant's motion, explaining that the probation enhancement fee covered items including "gloves so that the probation agents may test bodily fluids more safely" and "cell phones so that [agents] can quickly respond to issues that may arise." The trial court concluded that because defendant was on probation, the fee rendered him a potential benefit and so fell within the ambit of MCL 771.3(2)(d).

Following the denial of his motion, defendant filed an application for leave to appeal to this Court, which was denied. *People v Juntikka*, unpublished order of the Court of Appeals, entered December 6, 2013 (Docket No. 318300). Defendant then filed an application for leave to

appeal to the Supreme Court. In lieu of granting leave to appeal, the Supreme Court remanded the case to this Court for reconsideration as on leave granted in light of its decision in *People v Cunningham*, 496 Mich 145; 852 NW2d 118 (2014). *People v Juntikka*, ___ Mich ___; 846 NW2d 401 (2014). Accordingly, we now consider whether the trial court exceeded its statutory authority by imposing a $100 probation enhancement fee upon defendant.

## II. STANDARD OF REVIEW

We review issues of statutory interpretation de novo. *People v Akins*, 259 Mich App 545, 551; 675 NW2d 863 (2003).

## III. PRINCIPLES OF STATUTORY INTERPRETATION

When interpreting a statute, the primary goal is to discern and give effect to the intent of the Legislature. *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002). In giving meaning to a statutory provision, we consider the provision within the context of the whole statute and "give effect to every word, phrase, and clause . . . [to] avoid an interpretation that would render any part of the statute surplusage or nugatory." *State Farm Fire & Cas Co v Old Republic Ins Co*, 466 Mich 142, 146; 644 NW2d 715 (2002). When statutory terms are undefined, we interpret the terms according to their plain and ordinary meaning, and may consult dictionary definitions to accomplish this task. *Koontz*, 466 Mich at 312.

## IV. ANALYSIS

Courts may only impose costs in a criminal case when such costs are authorized by statute. *Cunningham*, 496 Mich at 149; *People v Dilworth*, 291 Mich App 399, 400; 804 NW2d 788 (2011). MCL 771.3 governs what conditions a trial court may impose during a term of probation, and provides in pertinent part the following:

> (2) As a condition of probation, the court may require the probationer to do 1 or more of the following:
>
> * * *
>
> (c) Pay costs pursuant to subsection (5).
>
> (d) Pay any assessment ordered by the court other than an assessment described in subsection (1)(f) [the crime victim's rights assessment].
>
> * * *
>
> (5) If the court requires the probationer to pay costs under subsection (2), the costs shall be limited to expenses specifically incurred in prosecuting the defendant or providing legal assistance to the defendant and supervision of the probationer.

Defendant first argues that the probation enhancement fee was not authorized by MCL 771.3(2)(d). To determine whether MCL 771.3(2)(d) applies to the fee at issue, we must

first address whether the fee constituted an "assessment" under the statute.  In *People v Earl*, 495 Mich 33; 845 NW2d 721 (2014), our Supreme Court addressed the scope of the term "assessment" under the Crime Victim's Rights Act, MCL 780.751 *et seq.*, and stated the following:  " 'Assessment' is defined as 'the action or instance of assessing,' and 'assess' is defined as 'to impose according to an established rate.' "  *Id.* at 40, quoting *Merriam-Webster's Collegiate Dictionary* (8th ed).  The Court concluded that, in contrast to criminal fines that are "generally responsive to the conduct which they intend to punish, . . . assessments are imposed in accordance with a predetermined flat rate."  *Id.*

In this case, the probation enhancement fee falls within the defined scope of the term "assessment" relied upon by our Supreme Court in *Earl*.  At the hearing on defendant's motion for resentencing, the court explained that "[t]he probation enhancement fee has been assessed by this court long before this individual assumed the bench."  Moreover, the probation enhancement fee was a flat rate of $100.  Therefore, the probation enhancement fee is properly classified as an assessment because it was imposed in accordance with a predetermined flat rate.

The question, then, is whether the court was authorized to impose the probation enhancement fee under MCL 771.3(2)(d).  In *Cunningham*, 496 Mich at 147, our Supreme Court addressed whether former MCL 769.1k(1)(b)(*ii*)[1] provided trial courts with the independent authority to impose costs upon a criminal defendant.  The Court reasoned that if the Legislature intended former MCL 769.1k(1)(b)(*ii*) to give courts independent authority to impose any cost, it would not have specifically authorized certain costs in other subsections of MCL 769.1k.  *Id.* at 154-155.  The Court also noted that numerous other penal statutes authorizing the specific imposition of costs for certain offenses would be rendered nugatory if courts could impose any cost "regardless of whether the Legislature had particularly provided courts with the authority to impose specific costs for the relevant offense."  *Id.* at 156.  Thus, the Court held that former MCL 769.1k(1)(b)(*ii*) "provides courts with the authority to impose only those costs that the Legislature has separately authorized by statute."  *Id.* at 154.

Although former MCL 769.1k and MCL 771.3 are not identical, they are marked by distinct parallels.  For instance, both statutes contain general and specific provisions referencing the imposition of costs or assessments.  While MCL 771.3(2)(d) states that a court may require the payment of "any assessment ordered by the court" as a condition of probation, MCL 771.3(1)(d) authorizes a specific supervision assessment, which requires a probationer who was sentenced in the circuit court to "pay a probation supervision fee as prescribed in section 3c of this chapter."[2]  Further, other penal statutes authorize specific assessments that are not

---

[1] At the time, MCL 769.1k(1)(b)(*ii*) stated that a court may impose "[a]ny cost in addition to the minimum state cost set forth in subdivision (a)."  MCL 769.1k(1)(b)(*ii*), as amended by 2006 PA 655.

[2] MCL 771.3c(1) states the following:

> The circuit court shall include in each order of probation for a defendant convicted of a crime that the department of corrections shall collect a probation supervision fee of not more than $135.00 multiplied by the number of months of

addressed under MCL 771.3.[3]  Interpreting MCL 771.3(2)(d) as granting courts the independent authority to impose any assessment would effectively render the specific assessment provisions of both MCL 771.3 and other penal statutes nugatory, as trial courts could impose any assessment as a condition of probation regardless of whether the Legislature specifically authorized certain assessments for the offense.  When interpreting statutes, our goal is to harmonize and reconcile related statutes, and to avoid nullifying any statutory provision by the overly broad interpretation of another.  *Koenig v South Haven*, 460 Mich 667, 677; 597 NW2d 99 (1999).  Therefore, we conclude that MCL 771.3(2)(d) does not provide trial courts with the independent authority to impose any assessment as a condition of probation, but rather permits courts to impose only those assessments that are separately authorized by statute.

Even if the trial court was not authorized to impose any assessment against defendant under MCL 771.3(2)(d), on appeal, the prosecutor contends that the probation enhancement fee was separately authorized by MCL 771.3(5) because it represented a cost specific to defendant's case.  Again, MCL 771.3(5) states, "If the court requires the probationer to pay costs under subsection (2), the costs shall be limited to expenses specifically incurred in prosecuting the defendant or providing legal assistance to the defendant and supervision of the probationer."[4]

---

probation ordered, but not more than 60 months. . . .  The court shall use [a table] of projected monthly income in determining the amount of the fee to be ordered[.]

[3] See, e.g., MCL 257.732a (providing that individuals must pay a specific driver responsibility fee upon accumulating seven or more points on a driving record within a 2-year period); MCL 117.4q(13) (authorizing a $10 "justice system assessment" for each city blight violation); MCL 801.4b(1) (permitting a $12 jail entry fee for persons incarcerated in the county jail).

[4] Prior versions of MCL 771.3 granted courts significantly broader authority to impose costs upon a probationer.  MCL 771.3(3) previously stated the following:

[If a court] requires the probationer to pay any costs it shall not be confined to or governed by the laws or rules governing the taxation of costs in ordinary criminal procedure, but may summarily tax and determine such costs without regard to the items ordinarily included in taxing costs in criminal cases and may include therein all such expenses, direct and indirect, as the public has been or may be put to in connection with the apprehension, examination, trial, and probationary oversight of the probationer.  [MCL 771.3(3), as amended by 1925 PA 203 (The 1925 language was minimally altered by 1978 PA 77).]

In 1980, the Legislature amended the language granting broad discretionary authority to courts to impose costs upon probationers, and enacted the following language in its place:

If the court requires the probationer to pay costs, it shall be limited to expenses specifically incurred in prosecuting the defendant or providing legal assistance to the defendant and probationary oversight of the probationer.  [MCL 771.3(4), as amended by 1980 PA 514.]

Defendant argues that his probation status alone was insufficient to attribute the $100 probation enhancement fee to the specifics of his case.

In *People v Teasdale*, 335 Mich 1, 6; 55 NW2d 149 (1952), our Supreme Court held that an order of costs against a convicted defendant "excludes expenditures in connection with the maintenance and functioning of governmental agencies that must be borne by the public." Likewise, in *People v Newton*, 257 Mich App 61, 69-70; 665 NW2d 504 (2003), this Court affirmed that "[t]he payment of salaries and overtime pay to the investigators, the purchase of surveillance equipment, the purchase and maintenance of vehicles, and other similar expenditures" could not be imposed against a defendant in a restitution order because they were general costs of investigation. *Id.* at 69 (internal quotation marks and citation omitted). This Court further explained that costs are general in nature if they "would have been incurred without regard to whether [the] defendant was found to have engaged in criminal activity." *Id.*

In this case, the probation enhancement fee was not specific to defendant, but instead accounted for general operating costs incurred by the probation department. The trial court explained that the probation enhancement fee was used to fund the purchase of equipment such as gloves and cell phones that enabled probation officers to perform their duties more efficiently. Because the court was not independently authorized to impose any assessment under MCL 771.3(2)(d), the $100 probation enhancement fee was not separately authorized by statute, and the fee imposed was not a cost "specifically incurred" in defendant's case under MCL 771.3(5), the trial court erred in imposing the probation enhancement fee upon defendant.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Karen M. Fort Hood