# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* TAYLOR ANNE KILLICH.

---

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

TAYLOR ANNE KILLICH,

        Respondent-Appellant.

FOR PUBLICATION
April 20, 2017
9:00 a.m.

No. 329941
Washtenaw Circuit Court
LC No. 14-000567-DL

---

Before: M.J. KELLY, P.J., and STEPHENS and O'BRIEN, JJ.

STEPHENS, J.

Respondent, minor Taylor Anne Killich, appeals as of right the trial court order dismissing a petition against her for poisoning food, drink, medicine, or water supply, MCL 750.436(2)(a), an offense punishable by imprisonment for fifteen years, a fine of $10,000, or both, and denying her motion to waive a previously ordered $100 probation supervision fee. We vacate and remand.

## I. BACKGROUND

Petitioner filed a delinquency proceedings petition against respondent for violating MCL 750.436(2)(a) after an incident on June 5, 2014. On May 6, 2015, respondent pleaded no contest before a referee. A probationary order was prepared in which respondent was placed on probation for a period of three months. She was ordered to complete 20 hours of community service by August 21, 2015, to participate in "the Victim Awareness class," and submit urine screens if requested by her probation officer. Under the proposed order, respondent's probation officer could also impose an additional 20 hours of community service at his or her discretion. The court denied respondent's motion to waive a $100 probation supervision fee.

At the sentencing hearing before the referee, respondent's counsel agreed that probation was an appropriate remedy, but objected to the $100 probation supervision fee, citing *People v Juntikka*, 310 Mich App 306; 871 NW2d 555 (2015). Counsel's argument was unsuccessful and he requested a review hearing before the trial court.

-1-

At the September 23, 2015 review hearing, respondent's counsel asserted that respondent completed all probation and community service requirements, but again objected to the $100 probation supervision fee. Respondent's counsel argued that the court did not have statutory authority under the Juvenile Code to impose a pre-determined flat rate fee and that the Juvenile Code only permitted the court to be reimbursed for individualized costs of probation supervision services extended to individual juveniles.

Petitioner argued that three statutory provisions allowed for the imposition of a probation supervision fee: 1) MCL 712A.18(1)(b), 2) MCL 712A.18(3), and 3) MCL 712A.18(12). Petitioner argued that MCL 712A.18(1)(b) required a juvenile under supervision or probation to pay the minimum state costs prescribed by statute and that as a probationer, respondent was at least required to pay a statutory minimum of $68. Petitioner also argued that MCL 712A.18(3) authorized orders of disposition placing a juvenile in the juvenile's own home to contain a provision for reimbursement by the juvenile to the court for the cost of service. Lastly, petitioner argued that MCL 712A.18(12) stated that if a court entered an order of disposition for a juvenile offense, the court "shall order" the juvenile to pay a statutory assessment defined under MCL 780.905, which in respondent's case was a fee of $130. Petitioner maintains the same on appeal.

Petitioner also distinguished *Juntikka*, arguing the probation fee in that case was impermissible because it was used to purchase general probation department supplies, whereas in the present case the $100 probation supervision fee went directly to the general Washtenaw County General Fund. The court called Donna White, a probation supervisor in the juvenile court who testified that the probation office charges the same $100 probation supervision fee to all juveniles on probation and that the funds go to the county General Fund. The court acknowledged that the fee may go to the general fund but affirmed its imposition stating,

> So I do think, because of the mechanism of funding and the allocation it is actually a reimbursement, whether or not the fact it goes to the general fund, whether or not the fact it is a flat albeit extremely minimal fee compared to the true cost; you may be right in that legal analysis. I will leave that to the Court of Appeals to direct us as to where we go but at this stage the motion is denied.

## II. STANDARD OF REVIEW

This case involves the interpretation of multiple statutes contained in the Juvenile Code, MCL 712A.1 *et seq*. Statutory interpretation is a question of law that we review de novo on appeal. *In re Tiemann*, 297 Mich App 250, 257; 823 NW2d 440 (2012).

## III. ISSUE PRESERVATION

To preserve an issue for appellate review, the issue must be raised before, addressed by, and decided by the lower court. *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014). Respondent filed a challenge to the $100 fee and argued against its imposition at the subsequent motion hearing. The court disagreed. Because this issue was raised before, addressed, and decided by the trial court, it is preserved for review.

## IV. ANALYSIS

We find, as did the trial court, that local units of government share the costs for juvenile adjudication and supervision, whether in-home or otherwise within the state. Unlike the adult offender, a delinquent juvenile becomes a ward of the state and we will look to the case law and statutes addressing penalties, fines, fees, and costs for adjudication of state offenses under the Juvenile Code. In Michigan, a court cannot impose penalties or costs in a criminal case unless specifically authorized by statute. *People v Cunningham*, 496 Mich 145, 149-151; 852 NW2d 118 (2014). As respondent points out, delinquency proceedings under the Juvenile Code are not criminal cases. However, when addressing a question implicating the Juvenile Code, this Court routinely looks to the adult criminal code and cases that interpret it so long as they are not in conflict or duplicative of a Juvenile Code provision. *In re McDaniel*, 186 Mich App 696, 698-699; 465 NW2d 51 (1991); see also *In re Carey*, 241 Mich App 222, 227; 615 NW2d 742 (2000) (discussing that juvenile proceedings are not considered adversarial in nature but are still closely analogous to the adversary criminal process).

When looking to the relevant statutory provisions, this Court must interpret statutory language reasonably and in context, keeping in mind the purpose of the statute. *McCahan v Brennan*, 492 Mich 730, 739; 822 NW2d 747 (2012). The Legislature is presumed to have intended the meaning it plainly expressed. *People v Gardner*, 482 Mich 41, 50; 753 NW2d 78 (2008). If the meaning of statutory language is clear, judicial construction is normally neither necessary nor permitted. *In re Receivership of 11910 South Francis Rd*, 492 Mich 208, 222; 821 NW2d 503 (2012).

Petitioner asserts here, as it did in the trial court, that there is statutory authority for upholding the fee. Petitioner first contends the $100 probation supervision fee is authorized by MCL 712A.18(1)(b). We disagree. MCL 712A.18(1)(b) allows a court to enter an order of disposition placing a juvenile under probation or supervision. In pertinent part, MCL 712A.18(1)(b) specifically states that "[t]he court also shall order, as a condition of probation or supervision, that the juvenile shall pay the minimum state cost prescribed by section 18m of this chapter." MCL 712A.18m(a) instructs that

> [i]f a juvenile is within the court's jurisdiction . . . and is ordered to pay any combination of fines, costs, restitution, assessments, or payments arising out of the same juvenile proceeding, the court shall order the juvenile to pay costs of not less than . . . $68.00, if the juvenile is found to be within the court's jurisdiction for a felony. [MCL 712A.18m(a).]

MCL 712A.18m(5)(a) defines felony as "a violation of a penal law of this state for which the offender may be punished by imprisonment for more than 1 year or an offense expressly designated by law to be a felony."

The language of MCL 712A.18(1)(b) is plain, and the intent is clear. It authorizes the court to order a juvenile within its jurisdiction to pay the minimum state cost of not less than $68.00 for a felony. The offense for which respondent was found guilty, MCL 750.436(2)(a), was a felony under MCL 712A.18m(5)(a) because it carried with it a term of imprisonment for more than 1 year. Accordingly, respondent must pay the minimum state cost of $68 however,

contrary to petitioner's understanding, MCL 712A.18(1)(b) does not authorize the $100 probation supervision fee.

Petitioner next contends that the $100 probation supervision fee is authorized by MCL 712A.18(12). Again, we disagree. MCL 712A.18(12) states that "[i]f the court enters an order of disposition based on an act that is a juvenile offense as defined in section 1 of 1989 PA 196, MCL 780.901, the court shall order the juvenile to pay the assessment as provided in that act . . . ." MCL 780.901(1)(f) defines "juvenile offense" as "an offense committed by a juvenile under the jurisdiction of the juvenile division of the probate court or the family division of circuit court . . . that if committed by an adult would be a felony, misdemeanor, or ordinance violation . . . ." Again, respondent stands convicted of an offense that would be an adult felony. Thus, the lower court was required to order respondent to pay the assessment provided in MCL 780.905(3).

MCL 780.905(3) states: "The court shall order each juvenile for whom the court enters an order of disposition for a juvenile offense to pay an assessment of $25.00. The court shall order a juvenile to pay only 1 assessment under this subsection per case." This $25 assessment must be used to pay for crime victim's rights services. MCL 780.905(4). Plainly read, MCL 712A.18(12) authorizes the payment of a $25.00 assessment by juveniles who have an order of disposition entered against them. The statute does not otherwise speak to the $100 probation supervision fee.[1]

Lastly, petitioner contends that the $100 probation supervision fee is authorized by MCL 712A.18(3). MCL 712A.18(3) states as follows:

> An order of disposition placing a juvenile in the juvenile's own home under subsection (1)(b) may contain a provision for reimbursement by the juvenile, parent, guardian, or custodian to the court for the cost of service. If an order is entered under this subsection, an amount due shall be determined and treated in the same manner provided for an order entered under subsection (2).

---

[1] Although not dispositive of the issue raised, petitioner incorrectly asserts that the crime victim's rights services assessment imposed on respondent should be $130 under MCL 780.905(1)(a), instead of $25 under MCL 780.905(3). Neither MCL 780.905(1) nor (2) address juvenile dispositions. Indeed, MCL 780.905(2) clearly instructs that a $130 assessment under MCL 780.905(1)(a) is applicable to adults in criminal cases, not juvenile dispositions. MCL 780.905(2) states, "The court shall order a respondent to pay only 1 assessment under subsection (1) *per criminal case. . . .*" (Emphasis added).

It is MCL 780.905(3) that addresses juvenile dispositions: "The court shall order each juvenile for whom the court enters an order of disposition for *a juvenile offense* to pay an assessment of $25.00. The court shall order a juvenile to pay only 1 assessment under this subsection per case." (Emphasis added.) See *People v Earl*, 495 Mich 33, 37; 845 NW2d 721 (2014) (explaining that under the crime victim's rights assessment, MCL 780.904, a convicted felon is assessed $130, those convicted of misdemeanors are assessed $75, and juveniles are assessed $25 when the court enters an order of disposition for a juvenile offense).

Respondent contends the $100 probation supervision fee is not authorized by MCL 712A.18(3) because it is not a "reimbursement" within the purview of the statute because when it was imposed on respondent, no expense had been incurred.

In relevant part, MCL 712A.18(2) states:

An order of disposition placing a juvenile in or committing a juvenile to care outside of the juvenile's own home . . . shall contain a provision for reimbursement by the juvenile, parent, guardian, or custodian to the court for the cost of care or service. The order shall be reasonable, taking into account both the income and resources of the juvenile, parent, guardian, or custodian. The amount may be based upon the guidelines and model schedule created under subsection (6). . . .

MCL 712A.18(6) states:

The office of the state court administrator, under the supervision and direction of the supreme court, shall create guidelines that the court may use in determining the ability of the juvenile, parent, guardian, or custodian to pay for care and any costs of service ordered under subsection (2) or (3). The guidelines shall take into account both the income and resources of the juvenile, parent, guardian, or custodian.

Respondent argues the $100 probation supervision fee falls outside the purview of MCL 712A.18(3) because the statute only authorizes "reimbursements" and the $100 fee is not a reimbursement. The crux of respondent's contention is that an imposed fee can only be classified as a reimbursement if the state has already incurred an expense. We disagree.

Unless defined in the statute, every word or phrase of a statute should be accorded its plain and ordinary meaning. *Spectrum Health Hosps v Farm Bureau Mut Ins Co*, 492 Mich 503, 515; 821 NW2d 117 (2012). The word "reimbursement" is not defined in MCL 712A.18 or the Juvenile Code.[2] When construing statutory language, the context in which it is placed must be considered. *Menard, Inc v Dep't of Treasury*, 302 Mich App 467, 471; 838 NW2d 736 (2013), lv den 495 Mich 1000 (2014), citing *In re Receivership of 11910 South Francis Rd*, 492 Mich 208, 222; 821 NW2d 503 (2012).

Again, MCL 712A.18(3) provides that "[a]n order of disposition placing a juvenile in the juvenile's own home under subsection (1)(b) may contain a provision for reimbursement . . . to the court for the cost of service . . . ." The statute clearly speaks of providing for reimbursement when the order of disposition is issued. That is, the statute provides authority for placing a

---

[2] The guidelines promulgated under MCL 712A.18(6) provide that "[a] reimbursement order should not exceed the actual cost-of-care and/or service. The intent of reimbursement is to recover the cost of expenses or services." SCAO, *Guidelines For Court Ordered Reimbursement And Procedures For Reimbursement Program Operations* (October 1990), p 3. Respondent does not argue that the fee imposed on respondent exceeded the state's actual cost to supervise her.

reimbursement provision in the disposition order. *In re Brzezinski*, 454 Mich 890; 562 NW2d 785 (1997), supports this reading of the statute. Adopting the dissenting opinion from the Michigan Court of Appeals, *In re Brzezinski*, 214 Mich App 652, 677; 542 NW2d 871 (1995), the Supreme Court ruled that MCL 712A.18(2) "provides for the reimbursement order to be included in the order that originally places a child under state supervision. Thus, the court must order a party to reimburse the state's expenses before it is aware how much the state will ultimately spend on a child . . . ." While the authority granted differs between MCL 712A.18(2) and MCL 712A.18(3), § 18(2) uses the imperative "shall" while § 18(3) uses the permissive "may," both have the same timing constraint.

In sum, the plain language of MCL 712A.18(3) allows a court to impose a reimbursement provision before it has incurred any expense.

Whether the $100 probation supervision fee falls outside the purview of MCL 712A.18(3) because MCL 712A.18(3) does not authorize flat rate assessments is a different question. On this point, we agree because the plain language of the statute indicates the court should be reimbursed for "the cost of service." The use of the definite article signals that the statute is speaking about something already in existence, i.e., a cost already incurred. See SCAO, *Guidelines For Court Ordered Reimbursement And Procedures For Reimbursement Program Operations* (October 1990), p 3.

Similarly, *People v Juntikka*, *supra*, supports the proposition that imposed probation fees must be specific to the cost the state expends on a particular respondent. In *Juntikka*, an adult respondent was sentenced to a five-year probationary term and ordered to pay a $100 probation enhancement fee. 310 Mich App at 308. On appeal, the Court considered whether the $100 probation enhancement fee was authorized by the statute that governs conditions a trial court may impose during a term of adult probation, MCL 771.3. *Id.* at 308-309. The Court held the fee was improper because it was not specific to the respondent and was imposed to account for general operating costs incurred by the probation department. *Id.* at 314-315. Although the present case involves a juvenile, the same underlying principle is at play.

White stated that the $100 fee was "standard for any young person going on probation" and that the probation department charges the fee to all juveniles on probation, regardless of their level of probation. White's testimony makes clear the $100 fee imposed did not take into account differing supervision costs the state may need to expend for different juveniles. Therefore, because the fee does not qualify as a reimbursement for "the cost of service" of a particular juvenile, it is also not statutorily authorized under MCL 712A.18.

Respondent was under state supervision for a period of three months. At the motion hearing, the trial court reasoned as follows: "I am quite certain that . . . $100.00 from a juvenile for the time and costs that it costs the taxpayers to handle their case is noth—[sic] isn't even one ice cube—not even the tip of the iceberg." The trial court further concluded that the $100 probation supervision fee was an "extremely minimal fee compared to the true cost" of state supervision. While we do not doubt that this conclusion is reasonable, there is no evidence in the record of this proceeding to support a finding that the amount imposed in the order is either less than or equal to the cost of service.

We vacate the $100 probation supervision fee and remand for entry of a corrected order of disposition. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Michael J. Kelly
/s/ Colleen A. O'Brien